*H. A. Brouse*, for appellants.

---------o---------

THE LAFAYETTE AND INDIANAPOLIS RAILROAD COMPANY *v.* SIMS.

INJURY TO PASSENGER.—PLEADING.—Suit against a railroad company to recover damages for an injury to a passenger. Answer, that the passenger was, at the time of the accident, standing upon the platform of the car, contrary to the rules of the company, of which he had notice; that it was dangerous to stand upon the platform while the train was in motion, "wherefore defendant says that the injury sustained by the plaintiff was the result of his own carelessness in being in an improper place." *Held*, that the answer failed to show, by any averment of fact, that the injury was occasioned by the fault of the plaintiff; the conclusion of the pleader not being equivalent to the averment of a fact.

APPEAL from the *Tippecanoe* Common Pleas.

RAY, C. J.—This was an action by the appellee against the appellant. The complaint alleged that while he was traveling on the cars of the appellant, as a passenger, and

without any fault or negligence on his part, and through the negligence of the appellant, he was injured.

The defendant answered, that the train on which the appellee was at the time of the injury, was a passenger train; that on all the passenger cars, printed notices that "passengers are forbid standing on the platform," were, and always had been, posted; that the appellee, for five years, had been in the habit of riding in the passenger cars of the appellant, where such notices were so posted in conspicuous places, and had notice of such regulation; that at the time of said accident, he was riding upon the platform of one of the passenger cars, and not in the car; that said platform was, and always is, a dangerous place; that at the time of said accident, said appellee was on said platform, and immediately before said accident had been sitting on the break on said platform, against the will of said appellant; wherefore the appellant says that whatever injury the appellee sustained was the result of his own carelessness and wrong in being in an improper and dangerous place at the time said accident occurred, and from which the injuries complained of resulted."

The appellee replied, averring that there was no room furnished inside of defendant's passenger cars, sufficient for the proper accommodation of its passengers, at the time said injuries complained of took place.

A demurrer to this reply was overruled, and this presents the only question for our determination. It will be observed that the answer does not allege, as a matter of fact, that the appellee was injured by reason of his position on the platform of the car, but simply avers that he was informed of the rule prohibiting passengers from sitting on the platform; that he was on the platform at the time of the accident, and that the platform was always a dangerous place. These are all the facts alleged, and from these facts the appellant concludes that the position of the appellee caused his injury. This conclusion, of course, adds nothing to the answer. The complaint avers that the appellee was

without fault contributing to his injury. Do the facts stated in the answer, considered with the additional facts alleged in the reply, and which the demurrer admitted to be true, amount to a denial of this averment in the complaint? The appellant, by the sale of a ticket to the appellee, had entitled him to transportation upon the train, and the fact that there was no room within the car did not relieve the company from this obligation, as the contract to carry had not been made to depend upon such a contingency. *Hawcroft* v. *The Great Northern Railway Company*, 8 Eng. L. and Eq. R. 362. The company was in fault in failing to provide proper and secure places for the passengers it had contracted to carry. And while it may be true that such failure, on the part of the company, would not justify the passenger in taking a dangerous position upon the train, or, indeed, in entering and continuing upon the train, if he was fully informed of the condition of the accommodations provided before the cars started, still, the allegation that he did take such a position, with no averment that he was informed, in time to leave the train, that the company had failed to provide proper accommodations, and with no allegation that as a matter of fact his position in any manner contributed to his injury, constitutes no defense to this action. An averment that a passenger occupied a dangerous position upon the train, does not authorize the pleader to draw the conclusion that therefore the injury "was the result of his own carelessness and wrong." The conclusions from the facts are to be drawn by the court or jury, and an averment would have better served the purposes of a plea. The facts alleged in the answer may be true, and yet not inconsistent with the averment in the complaint that the injury resulted from the negligence and carelessness of the appellant, and without the fault of the appellee. We have not discussed the provision of the statute exempting railroad companies from liability for injuries to passengers standing upon the platform of a car, where sufficient accommodations have been provided within the car, and a notice properly posted,

forbidding passengers to ride upon the platform, as it is not claimed that the answer brings the appellant within the protection of the statute. No error is complained of upon the instructions given to the jury, nor is it argued that the finding is not supported by the evidence, although the instructions and evidence are both embraced in the bills of exceptions.

A brief for a *supersedeas* was filed by the appellant. No brief was filed for the appellee.

The judgment is affirmed, with one-eighth of one per cent. damages and costs.

*R. Jones* and *S. A. Huff*, for appellant: