WILLIAM H. MEYERS, Respondent, *vs.* THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

1. *Railroads—Damages—Breaking down of vehicle on track which is out of repair —Instructions touching negligence— Want of proper care.*—In suit against a railroad company for damages to plaintiff's vehicle where it appears that the track was out of repair, and in consequence, the wagon broke down, and in that condition was run into by the train and that the state of the road was known to plaintiff at the time, it is proper to submit to the jury the question whether under the circumstances plaintiff was guilty of negligence and also what care and caution he was bound to exercise.

2. *Railroad—Damages—Contributory negligence directly causing accident—Liability determined by.*—In suit for damages against a railroad where the negligence of plaintiff contributes directly to cause the accident, they will find for defendant. But on the other hand, although plaintiff is guilty of negligence, if the injury is the direct consequence of the negligence of the company it will be held.

3. *Instruction, to cause reversal, should mislead.*—An instruction not calculated to mislead a jury, although obscure or useless, will not work a reversal of the cause.

4. *Railroads—Damages—Exercise of care by defendant—Want of, will render company liable.*—Although plaintiff in a suit for damages against a railroad company is guilty of contributory negligence, yet if the agents having charge of the train could have avoided the injury by the use of ordinary care and caution defendant will be liable.

5. *Although various instructions must be taken together to learn the law of the case, no ground for reversal when.*—Where instructions taken as a whole series applying to all the phases of the case, fairly present the law to the jury, and are not calculated to mislead, the judgment will not be reversed on the ground that they are not combined in one declaration.

6. *Instructions, law of case fully presented by others—May be refused.*—Where instructions given, fully declare the law of the case, it is not error to refuse others, although correct.

### Appeal from DeKalb Circuit Court.

*J. H. Shanklin & M. A. Low,* for Appellants.

I. The plaintiff admitted that the crossing was dangerous, and that its condition had been known to him for four weeks. And while ordinarily the presumption is, that in doing a particular act, the party doing it acted with due care, yet, where one attempts to do an act which he knows to be attended with risk and danger, he must show affirmatively that he conducted himself with prudence and discretion. (Fox vs.

Town of Glastonbury, 29 Conn., 204; Butterfield vs. Forrester, 11 East., 61; Horton vs. Ipswick, 12 Cush., 488; Devitt vs. Pacific R. R., 50 Mo., 302.)

II. The court erred in giving plaintiff's 8th instruction. Negligence being the issue in this cause, to justify a recovery, it must be a case of unmixed negligence. If both parties, by their negligence, immediately contributed to produce the injury, neither can recover. (Toledo & W. R. Co., vs. Goddard, 25 Ind., 185; Railw. Co. vs. Hunter, 33 Ind., 335; 5 Am. Rep., 201, and numerous authorities therein cited in note; Karle vs. K. C., St. Joe. & C. B. R. Co., 55 Mo., 482.)

The cases of Kennedy vs. R. R. Co., 36 Mo., 351; Huelsenkamp vs. R. R. Co., 37 Mo., 537; Morrissey vs. Wiggins Ferry Co., 43 Mo., 38, and Karle vs. K. C., St. Joe. & C. B. R. Co., *supra*, in which the whole doctrine of contributory negligence has been thoroughly examined and reviewed by this court, furnish no warrant for this instruction. The authorities, English and American, are uniform to the effect, that if plaintiff's negligence or carelessness immediately or directly contributed to produce the injury, he cannot recover.

*S. H. Corn*, for Respondent.

I. Instruction No. 5, given for plaintiff, is proper, and stated the law of contributory negligence correctly. (Huelsenkamp vs. Citizen's Rlw. Co., 37 Mo., 537; Morrissey vs. Wiggins Ferry Co., 43 Mo., 383; Morrissey vs. Wiggins' Ferry Co., 47 Mo., 521; Brown vs. Hann. & St. Joe. R. R. Co., 50 Mo., 461; Sherm. & Redf. Negl., § 36.)

II. Instructions 8 and 9 given for plaintiff are proper. (Sherm. & Redf. Negl., § 36; Ill. Cent. Rlw. Co. vs. Middlesworth, 46 Ill. 494; Chicago, etc. R. W. Co. vs. Hogarth, 38 Ill., 370; Kerwhacker vs. Cleveland, etc. R. C., 3 Ohio St., 172.)

III. The 1st, 2nd and 6th instructions asked by defendant and refused by the court, were properly refused. The negligence on part of plaintiff which would excuse defendant, must contribute directly to cause the injury; and even then

defendant is held to the exercise of ordinary care, and it is not incumbent on plaintiff to show that the injury was willfully done. (Sherm. & Redf. Negl., § 32; West vs. Martin, 31 Mo., 375 ; Huelsenkamp vs. Citizen's Rlw. Co., 37 Mo., 537, *supra;* Brown vs. Hann. & St. Joe. R. R. Co., 50 Mo., 461, *supra.*)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for an injury done to a threshing machine of plaintiff which was accidentally on the defendant's railroad, by careless and negligent conduct of the agents and servants of the defendant, in running a train of cars against and upon said machine, by which said damage is charged to have occurred.

The petition in this case has two counts, but as the plaintiff elected to go to trial on the second count only, and the trial was had on that count, the first count need not be further noticed in the statement of the case.

It was charged by the second count that the plaintiff was the occupier of a farm in DeKalb County, Missouri, at the time of the grievances complained of, which farm is described in the petition ; that the defendant was then operating and controlling a railroad, running through and over plaintiff's said farm and land, known as the Chicago & Southwestern railway ; that it was the duty of defendant to construct and maintain a farm crossing over said road for the use of plaintiff; that on the 21st day of August, 1872, plaintiff was the owner of a threshing machine of the value of five hundred dollars; that plaintiff attempted to haul said machine across the track of said railroad at the crossing made on said farm, and in consequence of the negligence of the defendant in the maintenance of said crossing, the same was out of repair, and the axle of the carriage on which the machine was mounted, was thereby broken, by means of which said machine was stopped and thrown down upon said railroad, from which position the plaintiff was unable to have the same removed ; that the defendant then and there, while said machine was on the

15—VOL. LIX.

track of said road as aforesaid, willfully and negligently ran its engine and cars against and over said machine and broke and damaged the same; and that plaintiff sustained damages thereby in the sum of five hundred dollars, for which judgment is prayed, etc.

The answer to this petition does not deny that the plaintiff owned the farm and machine as charged, or that said machine was injured, or that defendant used the road and cars as charged; but it denied all other material allegations of the petition. After the denials, the answer set up by way of counter-claim what was charged to be the wrongful act of plaintiff in placing his machine on the road of defendant, by which it was damaged, etc.

To this counter-claim a replication was filed, but no other notice is taken of it in the case.

The case was tried before a jury. The evidence on the part of the plaintiff tended to prove the allegations of the petition, and that the plaintiff's machine was injured by the negligence or willful conduct of the defendant's agents and servants in conducting and operating its cars and locomotive on said road.

The evidence on the part of the defendant tended to prove that the plaintiff was guilty of neglect in getting his machine on and off the road, and in giving those conducting the train on the road timely notice that the machine was on the road.

The plaintiff's evidence tended to rebut the evidence of the defendts, attributing neglect to plaintiff.

At the close of the evidence, the court, at the request of the plaintiff, and of its own motion, instructed the jury as follows :

"4th. If, under all the circumstances in the case, the jury believe from the evidence that a man of ordinary sense and caution would have ventured to cross the defendant's railroad with the machine in proof, at the same time and place, the plaintiff's servants in charge of said machine did, and that such servant used as much care and skill in attempting to so cross said railroad as men possessed of common sense

and caution ordinarily use under like circumstances, then the breaking down of said machine on said road was the result of accident; and if the jury further believe from the evidence, that it was impracticable for plaintiff or his servants to remove said machine from the railroad track before the collision in evidence occurred, and that the plaintiff or his servants used such diligence in and about the premises as the time and circumstances would permit, to prevent the injury and to apprise the agents and servants of defendant managing the train that struck said machine—the machine being on the defendant's railroad track, then the defendant will be liable to the plaintiff, if the jury further believe from the evidence that those managing said train of cars of defendant could have prevented the said collision and injury by the exercise of reasonable care and caution.

"5th. If the jury should believe from the evidence that the plaintiff was guilty of negligence, but that his negligence was only the remote, and not the direct cause of the collision, and further believe from the evidence that the defendant's servants managing the train that struck the machine of plaintiff were guilty of negligence which was the direct cause of the collision, then the jury will find for the plaintiff the amount of damages caused by the collision.

"6th. In determining what is the direct cause of the injury, the jury may take into consideration the efficiency of the cause or agency through which the injury was done, as well as proximity in point of time and place.

"8th. If the jury believe from the evidence that those managing the train that did the injury could have prevented the collision by the exercise of reasonable care and diligence and willfully failed or neglected to do so, then they will find for the plaintiff, notwithstanding any negligence of the plaintiff.

"9th. Even if the jury do believe from the evidence that the plaintiff was guilty of negligence or carelessness which contributed to the injury; yet if they further believe that the agents or servants managing the locomotive and machinery of defendant, and with which the injury was done, might

have avoided said injury by the use of ordinary care and caution, they will find for plaintiff.

"10th. If the jury find for the plaintiff, they will assess his damages at what they believe from the evidence the property was depreciated in value by the injury done.

"11th. The court, on its own motion, instructs the jury that if they find for the plaintiff, in estimating the damages, they will exclude from their consideration all the evidence in the case touching the damage to the carriage of plaintiff, sustained in attempting to cross defendant's railroad."

To all and each of the foregoing instructions, the defendant objected, and its objection being overruled it excepted.

The court then at the request of the defendant instructed the jury as follows:

3rd. Although the jury believe from the evidence that defendants were guilty of negligence, yet if they believe that the plaintiff or his servants in charge of the threshing machine in proof, by the exercise of common care and prudence, could have prevented the accident and injury complained of, then the jury must find for defendant.

4th. If the jury believe from all the evidence that the injury complained of was the direct result of accident or misadventure without any culpable negligence in either party they must find for the defendant.

5th. Every person of ordinary intelligence is bound to know that a railroad passing over a private crossing, is a place of more than ordinary danger, and should use at such place greater precaution to avoid accidents and injury from passing trains, than a place of less hazard.

9th. The jury are instructed that the plaintiff must establish the negligence of defendant's employees in running the train, by a preponderance of evidence, before he can recover; and that he cannot recover even then if he is guilty of negligence which contributed directly to the injury complained of."

12th. The jury are instructed that if they believe from the evidence that plaintiff or his employees, by the exercise of strict care and caution, could have notified defendant's em-

ployees that the threshing machine was on the railroad track in time for them to stop the train before running into the said machine, they were bound to give such notice; and if the jury find from the evidence that plaintiff's employees did not use such care and caution, then the verdict must be for the defendant."

The defendant also asked the court to give the jury several other instructions which were refused by the court; but with the view that we have taken of this case, it will not be necessary to set them out here.

The jury found for the plaintiff and assessed his damages at $194. Upon this verdict the court rendered a final judgment in favor of the plaintiff.

The defendant in due time filed a motion for a new trial and also a motion in arrest of judgment. Each of these motions having been overruled by the court, the defendant saved its several exceptions and appealed to this court.

During the trial of the case the defendant objected to certain evidence offered by the plaintiff, and the evidence being admitted by the court, exceptions were saved; but no point is made on said exception in this court. The only ground of objection urged in this court to the action of the Circuit Court was that the court erred in giving and refusing instructions to the jury.

The defendant first objects to the action of the court in giving the jury the instruction numbered 4 as asked by the plaintiff. This instruction was properly given. The evidence was to the effect that the crossing of the railroad where the wagon broke down with plaintiff's machine on the railroad was out of repair—which was known to plaintiff and his servants. It was proper in such case to submit the question to the jury, whether under all the circumstances in the case plaintiff was guilty of negligence in driving on said crossing; and it was also proper for the court in this case to tell the jury what care and caution plaintiff and his servants were bound to exercise. While the decisions of the courts in the different States on the subject of negligence and contributive

negligence are not always in harmony, and it may be that cases may be found that somewhat differ from the doctrine as laid down by the court in this instruction, yet it is believed that said instruction is in full harmony with the law on said subject, as laid down by a series of decisions in this State, and that there was no error committed in giving said instruction.

The fifth instruction as numbered in the record, tells the jury that if the plaintiff was guilty of negligence, but that his negligence was not the direct cause of the collision, and that the defendant's negligence was the direct cause of the collision, they should find for the plaintiff. This instruction is substantially the same as an instruction which was held to be good by this court in the case of Karle vs. The Kansas City, St. Joseph & Council Bluffs R. R. Co., 55 Mo., 476. The learned judge delivering the opinion of the court in that case remarks: " The instruction given by the court on this subject was, that if the jury found that the deceased was guilty of any negligence that contributed directly to cause his death, they would find for the defendant. This instruction is unquestionably in conformity to the well settled doctrine of the State, however, it may be regarded elsewhere."

It would be scarcely necessary to say that the converse of what is there asserted is true. That is, that where the negligence of the plaintiff did not directly contribute to the injury of the plaintiff, but that the injury was the direct consequence of the negligence of the defendant, he would be liable for the damages sustained.

The instruction given for the plaintiff numbered six attempts to tell the jury what may be taken into consideration in ascertaining what is and what is not a direct cause of an injury.

The instruction is not very clear and is not calculated to give the jury much light on the subject, and was wholly useless and unnecessary; but still there is nothing in said instruction which was calculated to mislead the jury to the prejudice of the defendant.

Meyers v. Chicago, R. I. & Pac. R. R. Co.

The 8th and 9th instructions asked for by the plaintiff were substantially the same, and told the jury that although the plaintiff was guilty of negligence which contributed to the injury, yet if they believed that the agents of defendants managing its cars and locomotive, with which the injury was done, could have avoided the injury by the use of ordinary care and caution, they should find for the plaintiff. These instructions seem to be justified by a series of decisions made by this court, and particularly when taken in connection with the instructions given on the part of the defendant, they present the law fairly to the jury. It is true, that cases may be found, and, in fact, have been referred to by the attorneys of the defendant, which seem to be somewhat variant from the law as declared in this case; but in this State the law is well settled, and I think it conforms to the law as given to the jury by the instructions in this case. It would be difficult to say, with any show of reason or justice, that because a man is acting in a negligent way, everybody would be licensed to carelessly and recklessly injure him and then plead his negligence as a defense to their reckless and wanton conduct. (Morrissey vs. The Wiggins Ferry Company, 43 Mo., 380; Brown vs. The Hann. R. R. Co., 50 Mo., 461; Illinois Central R. R. Co. vs. Middlesworth, 46 Ill., 494; 38 Ill., 370; Karle vs. The Kansas City, St. Joseph & C. B. R. R. Co., 55 Mo., 476.)

The instructions given in this case, when taken together, certainly presented the case to the jury in as favorable a light as could have been done under the law as well settled in this State; and where the instructions, if taken as a whole series, applying to every possible phase of the case, fairly present the law to the jury, and are not calculated to mislead, this court will not reverse the judgment on the ground that all is not contained in a single instruction. (Karle vs. Kansas City, St. Joseph & C. B. R. R. Co., above referred to.)

The instructions asked for by the defendant and refused by the court have not been noticed in this opinion for the reason that it is believed that the law of the case was fully and fairly

presented to the jury by the instructions given; in which case it would not be error in the court to refuse any further instructions even if such instructions did contain abstract law. But it is believed that the instructions refused contained principles of law which had been better given in other instructions, or failed to properly present the law.

In this case the law as before stated had been fully given; and, in fact, if there was anything in the action of the court, as it appears in the record, which was not commendable, it was that the jury were instructed too much.

The judgment is affirmed; Judge Hough concurs in the result; the other judges concur.