THE DALLAS & WICHITA R'Y CO. v. HANNAH T. SPICKER.

(Case No. 4984.)

1. DAMAGES — BURDEN OF PROOF — NEGLIGENCE.— In an action for injuries caused by an alleged failure of duty on the part of the defendant, when the failure of duty and the injuries are shown by the plaintiff, and there is nothing that implies that he brought the injury on himself by his own negligence, then the burden of proof is on the defendant to prove that the plaintiff was guilty of such negligence.   On the other hand, when the plaintiff's own case exposes him to suspicion of negligence, then he must clear off such suspicion.

2. DAMAGES — HUSBAND AND WIFE.— The wife recovered a judgment against a railway company for $5,000 damages, for the killing of her husband; she had lived separate and apart from him for a year before the injury which resulted in his death.   *Held:*

  (1) The fact of their separation would not deprive the wife, so long as the conjugal relation existed, of a decent support according to her state and condition in life, so long as she did nothing to forfeit that right by her own wrong.

  (2) No legal presumption can be indulged that the marital relation can ever be dissolved, except by the death of one of the parties.

3. EVIDENCE.— In a suit for damages by the wife and mother for the wrongful killing of the deceased, evidence showing the *ability of the deceased, had he lived,* to render pecuniary aid to his wife and mother, is proper.

4. CHARGE OF COURT.— See opinion for a charge asked of court to the effect that, in a suit by the wife for damages for the wrongful killing of her husband, the fact that the husband had abandoned the wife would, if the jury should believe that the abandonment was permanent, entitle the wife to only nominal damages, *held,* to have been properly refused.

APPEAL from Dallas.    Tried below before the Hon. Geo. N. Aldredge.

Plaintiff below, Hannah T. Spicker, alleged that her husband, Henry Spicker, whilst being transported in a train of cars over one of defendant's bridges, received injuries of which thereafter he died; that they were caused by the giving away of the bridge, and the falling through of the train; that the bridge was constructed by defendant negligently, and without care, in disregard of human life, and was permitted to become, for want of proper care, unsafe and dangerous to human life; that Henry Spicker, when he received the injuries, was an employee of independent contractors engaged in the construction of defendant's road, and by defendant's consent, its train, owned and operated by it (but for construction purposes), was being operated over the bridge when deceased was injured; that plaintiff was the surviving wife of said Spicker, who left neither father or children, and whose mother, Elizabeth Spicker, resided in

Cass county, Illinois; that the suit was brought for the benefit of the mother as well as plaintiff; that by the death of said Spicker plaintiff had sustained loss and damage in the sum of $15,000, and the mother has been damaged $10,000.

Defendant filed a general denial, and pleaded specially, in substance:

1. That said Henry Spicker was neither an employee of defendant or a passenger on its road, but was an employee of Boyle & Runnels, independent contractors engaged in the construction of defendant's road; that the road where Spicker was injured had not been accepted by defendant, nor was it using it, but it was then being used by Boyle & Runnels in its further construction.

2. That if defendant's bridge was defective and unsafe, the fact was well known to deceased before it gave way, and that, by remaining in the service of Boyle & Runnels, with knowledge that the bridge was unsafe, and that he would have to pass over it, he thereby assumed such risks as were incident to that service.

3. That if Spicker was ever the husband of plaintiff they had separated and abandoned each other long prior to his death, and were not then living together as man and wife; that Spicker did not then recognize plaintiff as his wife, and repeatedly asserted, just prior to his death, that he had no wife; and that if he was nominally plaintiff's husband she had no reasonable expectation of deriving benefit or profit from the continuance of his life.

Verdict for the plaintiff, Hannah T. Spicker, for $5,000, and for the mother for one dollar. Judgment accordingly.

*Leake & Henry*, for appellant, cited: Wood on M. & S., pp. 755, 800; Pierce on Railroad Law, 298, 379; 25 Mich., 281; 8 Allen, 138; 100 Mass., 208; 50 Me., 222; 32 Iowa, 146; 16 Ill., 558; 44 N. Y., 465; 29 Conn., 204; 54 Miss., 391; 17 Ind., 138; Wharton on Neg., secs. 426, 427, 428; 29 Iowa, 14; 2 Thompson on Neg., p. 1178; 33 N. J., 434; 22 Minn., 152; 41 Wis., 105; Wood on M. & S., secs. 337, 382; 52 Tex., 178; 55 Tex., 210; 46 Tex., 540; 56 Tex., 452; 55 Tex., 116; 1 Texas Law Review, 117, 134, 245; 58 Tex., 276; 25 N. Y., 566; 1 Am. & Eng. R. R. Cas., 101; 2 id., 238; R. S., art. 2900; Dallam, 554; 2 Tex., 135; 4 Tex., 465; 8 Tex., 462; 30 Tex., 57; 35 Tex., 435; 31 Tex., 95; 17 Tex., 226; 13 Tex., 81, 458; 9 Tex., 23; 6 Tex., 352; 52 Tex., 112.

*R. E. Cowart* and *Sawnie Robertson*, for appellee, cited: Tex. & Pac. R'y Co. *v.* Murphy, 46 Tex., 356.

STAYTON, ASSOCIATE JUSTICE.— Complaint is made that the court below instructed the jury " That the burden of proving that Henry Spicker knew of the defective construction and unsafe condition of the bridge is on the defendant."

The defendant, in its answer, alleged that the defects in its bridge, from which resulted the injury to Henry Spicker, were known to him, and such knowledge, coupled with his passing over the bridge, was made the grounds of the defense of contributory negligence on the part of the injured person, on account of whose death this suit was brought by his wife and mother.

The ordinary rule, which places the burden of proof upon the person who, as a cause of action or defense, alleges an affirmative matter would seem to be applicable to cases of this character as to others.

It would seem that a plaintiff would be entitled in every case of this character to recover upon evidence which clearly makes a *prima facie* case, unless such case be rebutted by testimony offered by himself or by the defendant.

In the case before us the evidence clearly shows that Henry Spicker received the injury from which he died in consequence of the fact that the appellant had erected, on and as a part of its road, a bridge, over which it was intended its trains should pass, which was, within the knowledge of the chief engineer of the company and other of its officers and agents, so negligently and defectively constructed as to be unfit and unsafe for the use intended. The injury of which the appellees complain resulted from those defects, and this, no further or exculpatory facts appearing, entitled the plaintiffs on this branch of the case to recover.

There is some apparent conflict of authority on this question. It is, however, believed to be more apparent than real, and we have now no disposition to review the cases which are supposed to hold that it is necessary not only for a plaintiff to prove that the injury of which he complains resulted from the negligence of the defendant, but that he must also prove that he himself was in the exercise of due care.

We believe the true rule to be that thus stated by an elementary writer: "No doubt where, in an action for injuries caused by failure of duty on the part of the defendant, the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence.   On the other hand, when the plaintiff's own case

exposes him to suspicion of negligence, then he must clear off such suspicion." Wharton on Negligence, 426.

There is no fact in proof in this case which tends to show contributory negligence by the deceased. That employees of the railway company may have known of the defective construction of the bridge by reason. of their having assisted in its construction; or that the employer of the deceased may have known of the defects; or that persons working for the railroad, in its employment, may have known of the defects in the bridge, is not evidence of the fact that the deceased, who was not in the employment of the railroad company, had any such notice. If such knowledge existed, it should have been shown by the defendant by such proof as would be admissible for such a purpose.

We believe the correct rule as to the burden of proof to be stated in considering the sufficiency of the petition in T. & P. R'y Co. v. Murphy, 46 Tex., 356.

It is urged that the judgment in favor of the wife of the deceased for $5,000 is excessive, and that the court erred in refusing to give the following charge asked by the defendant: "If the jury believe, from the evidence, that a year or more before Henry Spicker's death he left his wife, and, after that, had no further communication with her; and further believe, from the evidence, that he had abandoned her for good, and that at the time of his death she had no reasonable expectation of deriving any aid or advantage from the continuance of said Henry Spicker's life, then, and in that event, so far as the plaintiff Hannah Spicker is concerned, the jury should either find for the defendant, or only allow her, the said Hannah, nominal damages."

The deceased was thirty-one years old at the time of his death, was sober and industrious, and of good physical constitution for some time before he received the injury, but there is evidence tending to show that at some former period he may have been intemperate in his habits, from which some estrangement may have arisen between him and his wife. He was a druggist by profession, although, at the time of his death, engaged in other business under contract with those persons who had undertaken to grade the road and thereon lay the rails for the appellant company, and for his services therein he was receiving $2.50 per day. We are not prepared to say that the judgment under the facts is excessive. The amount of damage to which the appellees were entitled was for the jury to determine, and under the facts in proof there is nothing to indicate that the verdict was not the result of a conscientious and

honest investigation of the case under all its facts. The charge given fairly submitted the question of damages to the jury.

If the charge asked and refused, in any case, when a suit is brought by a wife for injuries resulting from the death of a husband, would be correct, it may well be doubted if the evidence in this case would have justified such a charge.

The charge, however, was errroneous. Henry Spicker may have left his wife for a year or more before his death, and after leaving her may have had no further communication with her, and may have intended never to return to her, or contribute to her support; yet, so long as the marital relation existed, without reference to the will of the husband, the wife not being shown to have forfeited her right thereto by her own wrong, she was entitled to a decent support, in accordance with their station in life, from her husband.

The marital relation created this right, and it would have continued to exist so long as the relationship continued; and so, without reference to the will of the husband. There is no legal presumption that such relation would ever have been dissolved prior to the time when one of the parties thereto, in the ordinary course of events, would have died. The wrong of the appellant terminated the relationship, by causing the death of the husband prior to the time when, in the ordinary course of events, he would have died, and thereby deprived the wife of that pecuniary support and benefit which the law would have entitled her to from her husband so long as they remained husband and wife.

In a suit by a parent for injuries resulting from the death of a minor child, in so far as the claim might be based on the services of the child before majority, the will of the child to render its services to the parent, or to permit the parent to have the proceeds of its labor, would be an unimportant inquiry; for the law gives the parent the right to both; hence an inquiry as to the probability that the child during minority would have remained in the service of the parent, or would have permitted the parent to have the proceeds of its labor rendered in the service of others, would be likewise unimportant and irrelevant, unless it was shown that the child had in some way been emancipated by the parent.

The same rule would not apply where no legal right to benefit existed; as in case of a suit by a parent for an injury to a child after majority which resulted in death. In such a case it would be proper to show the reasonable expectation of benefit which the parent would have received, had the child not been killed, and, in the absence of legal right to benefit prior to the death of the child, this

would depend on the will and ability of the child to confer benefit on the parent. In such a case, evidence throwing light on these matters would be proper and should be considered by a jury under a proper instruction.

In this case evidence was introduced to enable the jury to ascertain the ability of the deceased had he lived to contribute pecuniary aid to his wife and to his mother, and the fact that the damage given to the mother is very small furnishes no ground of complaint to the appellant, it not appearing that the judgment in favor of the wife is excessive. There is no error in the judgment for which it should be reversed, and it is affirmed.

AFFIRMED.

[Opinion delivered April 22, 1884.]