### R. G. MURRAY v. THE GULF, COLORADO & SANTA FE RY. CO.
#### No. 2546.

1. **Pleading.**—See opinion for the substance of a plea setting up contributory negligence which was held too general on special exceptions.

2. **Evidence—Damages—Case Adhered to.**—Texas & New Orleans Railway Company v. *Crowder* adhered to. An employe of a railway company who sues it for damages on account of personal injuries must show the circumstances under which the injury occurred, his employment at the time, what facts constituted the negligence of the defendant, and if his own conduct was connected with defendant's negligence so as to bring about the injury he must show that connection and acquit himself of negligence or establish the fact that he was exercising due care. Thus the plaintiff establishes prima facie his right to recover. But the defendant may show that the case thus prima facie made should not authorize a recovery by showing the contributory negligence of plaintiff; such contributory negligence must first be alleged by defendant in order to authorize evidence to establish it.

3. **Same.**—The plaintiff must show that the injury complained of was produced by the negligent act of defendant under such circumstances as do not develop any negligence on the part of plaintiff which contributed to his injury. If the plaintiff's case develops his own want of care the defendant can take advantage of it, but if the defendant relies on contributory negligence he must allege it as a defense in the nature of avoidance.

4. **Negligence—Fact Case.**—An act of negligence proximately contributes to the injury when without the act of negligence the injury would not have been inflicted. See case for facts under which it was held that contributory negligence existed.

ERROR from Galveston. Tried below before Hon. W. H. Stewart.

The opinion states the case.

*Trezevant & Franklin,* for plaintiff in error.—The office of a plea is the allegation of facts and not the deduction of inferences or conclusions, and contributory negligence being an inference from facts the pleader must state the facts from which contributory negligence may be inferred.

In actions for personal injury where plaintiff's right to recover depends on his ignorance of the defect which caused the injury, knowledge of that defect is one of the material facts that defendant must allege in his answer.

Defendant pleaded not guilty, and as a plea of contributory negligence

answered as follows: "That plaintiff by his own negligence and carelessness contributed to the injuries complained of by him, and that but for his own negligence and carelessness such injuries would not have occurred." Thomps. Car. Pass., p. 554, sec. 14; 2 Rorer on Railways, p. 1103, sec. 36; Dallas, etc., Ry. Co. v. Spicker, 61 Texas, 427; T. & P. Ry. Co. v. Murphy, 46 Texas, 356; Cole v. C. & N. W. Ry. Co., 30 N. W. Rep., sec. 9; Beach Con. Neg., p. 430, sec. 157; Thomps. on Neg., p. 1253, 600; Lafayette, etc., Ry. Co. v. Sims, 27 Ind., 59.

Where under a plea of contributory negligence the defendant offers evidence tending to show that plaintiff was guilty of negligence that might or might not have contributed to the injury, it is the right of the plaintiff to demand that the question whether such negligence was the proximate and efficient cause of the injury or the remote cause of the injury should be submitted to the jury. 2 Thomp. on Neg., p. 1147, secs. 2–10; Beach on Con. Neg., secs. 3, 11, 12, 13; Deer. on Neg., sec. 14; 2 Woods on R. R. Laws, 1258; Brown v. Chicago, etc., Ry. Co., 6 N. W. Rep., 5; Brown v. Wabash Ry., 2 W. Rep., 559: Dunn v. Cass Ave. Ry., 3 W. Rep., 424; Fifteenth, etc., Ry. Co. v. Boudron, 92 Pa. St., 475; Meeks v. S. P. Ry. Co., 56 Cal., 513; Meyer v. Chicago, etc., Ry. Co., 59 Mo., 223; Kline v. C. P. R. R. Co., 37 Cal., 400; Kerwhacker v. Cleveland, etc., 3 Ohio St., 172; Seale v. G. C. & S. F. Ry. Co., 65 Texas, 277; Alabama, etc., Ry. Co. v. Arnold, 2 S. Rep., 337; Hayner v. Smith, 63 Ill., —; G. H. & H. Ry. Co. v. Smith, 59 Texas, 406; Whart. on Neg., sec. 995.

Plaintiff could not be required in the exercise of ordinary care and prudence to have anticipated defectiveness in an appliance designed for the use of defendant's employes in getting on and off the tender and in holding on when riding.

The jury could not under the law find plaintiff guilty of contributory negligence without evidence to show causal connection between plaintiff's alleged negligence and the catastrophe. Beach on Con. Neg., secs. 12, 13; Deer. on Con. Neg., sec. 16; 2 Thomp. on Neg., art. 1172, sec. 18; Shearm. & Redf. on Neg., sec. 31; T. & P. Ry. Co. v. Best, 66 Texas, 118; T. & P. Ry. Co. v. Murphy, 46 Texas, 358; T. & P. Ry. Co. v. Mallon, 65 Texas, 115–117; White v. Nonantum, etc., Co., 11 N. E. Rep., 75; Colbert v. Ranken, 13 Pac. Rep., 491; Smith v. Penn. Car Works, 27 N. W. Rep., 662; Carleton v. Franconia, etc., Co., 99 Mass., 216; Beck v. Carter, 68 N. Y., 283; Samuelson v. Cleveland, etc., Co., 49 Mich., 164.

No briefs for defendant in error have reached the Reporter.

COLLARD, JUDGE. — This suit was brought by Robert G. Murray, plaintiff in error, against the Gulf, Colorado & Santa Fe Railway Com

pany for damages for injuries received by him while an employe of the company. It is alleged that he was a fireman on an engine used in defendant's switch yard in the city of Galveston; that while he was in the discharge of his duty and while in the act of ascending the tender he caught hold of a hand hold on the tender, which being insecurely fixed gave way, by reason of which he fell to the track or road bed and was run over by the tender then in motion, causing the injuries complained of. Plaintiff alleged that the hand hold was a rod fixed to the tender and was intended to be used as a means of ascending, and that the rod though in place was not fastened, all of which was unknown to plaintiff, but which by proper care ought to have been known to defendant. On the trial defendant relied upon facts showing that plaintiff's injuries were proximately caused by his own negligence; that the engine and tender were moving at the rate of about two miles an hour, the tender in front; that there was a step at the cab on the engine intended for the engineer and fireman to get off and on the engine; that the fireman's place was in the cab; that the engine and tender were moving slowly, and plaintiff should have waited for the tender to pass and mount the engine at the cab step, but instead of so doing took the risk of mounting at the rear end of the tender while it was moving towards him, upon a board used by brakemen in coupling cars to the tender, and that it was by his own fault and want of care that he fell and got hurt. The pleas of defendant were a general denial and a general allegation that plaintiff's injuries were the result of his own contributory negligence, and that but for his own carelessness such injuries would not have occurred. Plaintiff specially excepted to sufficiency of the plea because it set up no facts indicating negligence of plaintiff. The court overruled the special exception, and the ruling is assigned as error by the plaintiff.

We agree with plaintiff that the plea is too general. It is an abstract proposition, and no evidence could properly be admitted under it if the law under the facts of the case required contributory negligence to be pleaded. Morrison v. Ins. Co., 69 Texas, 353; Railroad v. Fox, 6 S. W. Rep., 574. But was a plea of contributory negligence required under the facts of this case? It was held in the case of the Texas & New Orleans Railway Company v. Crowder, 63 Texas, 503, that the plaintiff is not only required to show that the defendant was guilty of negligence but that he himself acted with due care. Justice Stayton, delivering the opinion, says: "The burden of proof resting on the plaintiff upon the issues of the negligence of the defendant and his own exercise of due care, required that he should show the facts surrounding and leading to the accident, and if from these when shown a jury may reasonably infer negligence in the defendant contributing to the injury and the exercise of due care by the plaintiff, then he is entitled to a verdict; but if he does not show how the accident occurred by which he was injured

by showing his own relation to it and the other surrounding facts, some or all of which may appear from the character of the accident itself, then he has not gone as far with his evidence as the law requires him to go to authorize a recovery."

The case under consideration to which the above doctrine was applied was a peculiar one. A brakeman was killed by the cars running over his leg and crushing it. His mother brought suit for damages under the statute. There was no evidence showing how the accident occurred; no one saw him at the time the injury was received, and consequently there was no evidence of any negligence on the part of the company. We conclude from the opinion that it is always incumbent on a plaintiff suing for injuries received by an employe to show how and under what circumstances the accident occurred, how he was employed at the time, what the facts were constituting the negligence of the defendant, and if his own conduct was connected with the negligence of the defendant so as to bring about the injury to show that connection, and in so doing to acquit himself of carelessness or establish the fact that he was exercising due care, for if in the necessary statement of his own case and his connection with it, it appear that he was negligent or failed to exercise proper caution he could not recover. He could not recover unless it is shown *how* the injuries were received. We do not understand the court to hold that the plaintiff must do more than to develop his own case and in so doing show negligence of defendant causing the injury, and at the same time while showing his own relations to the occurrence relieve himself of responsibility for it. Negligence might exist on his part outside of his own necessary proof.

After proof of his case establishing the negligence of the defendant and his own acts immediately connected therewith as free from fault, there may yet be such negligence on his part independent of his prima facie case as will discharge defendant of liability, and which to become available as a defense must be shown by the defendant. Such defense we understand must be alleged and proved by the defendant. Railroad v. Spicker, 61 Texas, 427.

In the case of The Railroad v. Murphy, 46 Texas, 363, Chief Justice Roberts explains the doctrine as follows: "It is often stated that the plaintiff must show that the injury was caused by the negligence of the defendant without any fault or negligence on his part. It would be more correct it is thought to say that the plaintiff must show that the injury of which he complains was produced by the negligent acts of the defendant under such circumstances as did not develop any negligence on his part contributing to his injury."

In the case of The Railroad v. Spicker, *supra,* Justice Stayton says: "We believe the rule to be as thus stated by an elementary writer: 'No doubt where in an action for injuries caused by failure of duty on the

part of the defendant the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence. On the other hand, where the plaintiff's own case exposes him to suspicion of negligence, then he must clear off such suspicion.' Whart. on Neg., 426."

The principle decided in the case of The Railroad v. Murphy, *supra*, was reaffirmed in the case of The Railroad v. Cowser, 57 Texas, 302: "That in a suit for damages against a railway company on account of the alleged negligence of its agents it is not necessary that the petition should negative either by facts stated or by direct averment the existence of contributory negligence on the part of plaintiff. An exception to this rule exists when the petition from its averments would establish if unexplained a prima facie case of negligence of the party injured."

The doctrine is in all our cases guarded, that if plaintiff's case develops his own want of care defendant can take advantage of it. If defendant relies upon contributory negligence not developed by the plaintiff's case he must allege it. It is a defense in the nature of avoidance. Rule 7 for District Court; Mutual Ins. Co. v. Davidge, 51 Texas, 244; R. R. Co. v. Parker, 50 Texas, 346; Beach on Con. Neg., 157. But see *contra* 1 W. & W. Ct. App. C. C., sec. 382; 2 Id., sec. 482; 2 Thomp. on Neg., 1179.

Under the rule, however, that plaintiff must make out his whole case, if it appear from the facts and circumstances attending the injury that his own negligence contributed to it he must affirmatively show that he was excused or justified. Beach on Con. Neg., 432.

In the case before us plaintiff's petition did not commit him to any charge of negligence, but he was nevertheless bound to develop his whole case in his proof; that he was a fireman; that the engine and tender were in motion and how moving; where his post as fireman was; why he was absent from it; his return to it; how he mounted the tender; upon what he mounted; the uses of the board upon which he mounted; the usual mode and means of access to the cab for the engineer and fireman; that he did not seek the usual entrance to the cab, which was shown to be safe; and, in short, all the facts attending and surrounding the accident, his own conduct and the conduct of others. If in doing this he omitted any such fact defendant had the right to supply it. It was his duty to show how and why the injury occurred, and when this was done the jury inferred, as the evidence warranted them in doing, that he was guilty of contributory negligence. Plaintiff's own case necessarily put in issue all the facts relied on by defendant to show his contributory negligence, and such being the case he was obliged to acquit himself of fault. The burden of proof was on him to do this, and he could not recover until it was done. It is seen, then, that the case under the facts required no

plea of contributory negligence, and the error of the court in overruling the special exception to the insufficient plea was rendered harmless.

The court instructed the jury that "negligence on the part of an employe is a want of such care and prudence as persons of ordinary care and prudence observe under similar circumstances. Negligence is a question of fact to be determined by you from the evidence, just as you determine any other fact. Contributory negligence by an act of negligence on the part of an employe is such an act of negligence as that the injury would not have occurred if the employe had not been guilty of such act of negligence." The court refused instructions asked by plaintiff that he "was not bound to the utmost possible caution, but only to ordinary care and prudence;" that if both plaintiff and defendant were guilty of negligence to defeat a recovery by plaintiff his negligence must have been the proximate and efficient cause of the injury. The court's charge upon contributory negligence and the refusal of the instructions asked by plaintiff are assigned as error.

There was no necessity for the court to repeat the charge that plaintiff was only bound to use ordinary care. The general charge so instructed the jury.

The very question raised as to the court's definition of contributory negligence, and the definition as contained in the refused charge, was before the court in the case of the International & Great Northern Railway Company v. Ormond, 64 Texas, 489. Associate Justice Robertson delivering the opinion for the court in reference to it says:

"The authorities all agree that plaintiff could not recover if the negligence of James Ormond *proximately contributed* to his death. This expression does not convey to the unprofessional mind a sufficiently definite idea. The act of negligence proximately contributes to the injury when without the act of negligence the injury would not have been inflicted. The court below did not err in the general charge in submitting the issue in eschewing the technical expression. The charge correctly lays down the rule in language intelligible to the jury."

We think the above sound law. Wood's Mast. and Serv., 638; Beach on Con. Neg., p. 14, sec. 7. Plaintiff insists that the verdict of the jury was contrary to the law and the evidence because "there was no proof that plaintiff had any knowledge of the defectiveness of the rod by reason of which he was injured, and no proof that plaintiff's negligence was the proximate or efficient cause of the injury."

It is true there was no evidence that plaintiff knew the rod was loose or defective, and it is also true that his negligence did not consist in knowing the fact. It consisted in imprudently mounting the tender at the end approaching him contrary to the orders of the company, in failing to wait until the cab step came opposite to him where he could have entered with safety at the entrance made for his use, and in failing to

wait until the engine and tender stopped.    Without his own negligence he would not have been injured.    The verdict answers correctly the evidence and the law.

We have found no error in the rulings or charge of the court or in the verdict.    The judgment of the lower court ought to be affirmed.

*Affirmed.*

Adopted February 12, 1889.