CHARLES BALL, AS NEXT FRIEND OF JOHN BALL,
v. THE CITY OF EL PASO.

No. 67.

1. **Contributory Negligence.**—In actions for injuries caused by failure of duty of defendant, when the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his negligence, the burden is on the defendant to prove that the plaintiff was guilty of such negligence, but when plaintiff's own case exposes him to suspicion of negligence he must clear off such suspicion.

2. **Negligence a Question of Fact to be Found by Jury.**— Error for court to group together certain facts, and instruct the jury if they find these facts to be true they will constitute negligence.   The court should submit to the jury whether certain facts constitute negligence.

3. **Streets and Sidewalks.**—There is no rule of law requiring a person walking the streets of a city to take a different course to his destination than the one on which a defect in the sidewalk exists.   Cities and towns are responsible for the condition of their streets and sidewalks, and can not shield themselves from the charge of negligence in this respect by showing that a person injured might have gone to his destination by some other route.

4. **Same—Contributory Negligence.**—If a highway or street is out of repair, or is obstructed, and this is known to the person injured, he is guilty of contributory negligence if he places himself in the way of it, provided as safe and as near a way is open to him.

APPEAL from El Paso.   Tried below before Hon. T. A. FALVEY.

*John Mitchell* and *J. A. Buckler*, for appellant.—1.   The burden of proof of contributory negligence was on defendant.   Railway v. Spicker, 61 Texas, 427;  Railway v. Cowser, 57 Texas, 293;  Railway v. Rediker, 67 Texas, 181.

2.   The court in its charge gave undue prominence to the question whether plaintiff was guilty of contributory negligence.   Powell v. Mes-

ser, 18 Texas, 406; Hays v. Hays, 66 Texas, 609; Fore v. Hitson, 70 Texas, 521; Traylor v. Townsend, 61 Texas, 144.

. 3. On the question whether plaintiff was guilty of contributory negligence in not going around the defect in the sidewalk, or taking some safer route: Railway v. Gasscamp, 69 Texas, 545; Erie v. Schwingle, 22 Pa. St., 384; Shearm. & Redf. on Neg., sec. 276.

No brief for appellee reached the Reporter.

FLY, ASSOCIATE JUSTICE.—Appellant, as next friend of his minor son, Charles Ball, sued appellee for damages alleged to have accrued by reason of a defect in a certain sidewalk.

Defendant filed a general denial, and alleged contributory negligence on the part of the minor.

We are of the opinion that there was no error in the court refusing to give a special charge asked by appellant, instructing the jury that the burden of proof of contributory negligence was upon the appellee. The allegations in the petition and the facts in proof are such as required proof at the hands of the plaintiff that he was not guilty of contributory negligence in falling upon the sidewalk. The rule, as stated by Wharton and approved by our Supreme Court, is as follows: "No doubt where in an action for injuries caused by failure of duty on the part of the defendant, the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence. On the other hand, when the plaintiff's own case exposes him to suspicion of negligence, then he must clear off such suspicion." Whart. on Neg., 426; Railway v. Spicker, 61 Texas, 427.

Care should be exercised by a trial judge not to give undue prominence to any phase of the case in his instructions to the jury, for it has a tendency to impress them with the idea that the judge wishes to give particular stress to that portion of the charge. On the subject of contributory negligence, we are of the opinion that the charge of the court is open to criticism, as it is given undue and unnecessary prominence.

The third assignment of error is not well taken. The jury is instructed very fully on the subject of the use of ordinary and reasonable care, and the instructions are qualified so as to cause the jury to take into consideration the age of the boy in passing upon the question of care.

Appellant assigns as error the action of the court in giving the following charge: "If plaintiff saw the defect in the sidewalk—that is, if he saw that the same was higher than the street—then if he passed over the same, if you believe that a person such as plaintiff might reasonably be expected to have gone around the same (if there were other routes that

he could have gone without any material difference as to distance and convenience), or if by the exercise of such care and prudence as might be reasonably expected of a person such as plaintiff, knowing of the condition of said sidewalk, he could have avoided such injury, then plaintiff would be guilty of contributory negligence, and could not recover for such injury, whether defendant was guilty of negligence or not.'' This charge is clearly erroneous. Under repeated decisions of the higher courts of Texas, it has been held reversible error for a court to group certain facts in a case, and instruct a jury if they find these facts to be true they will constitute negligence. Negligence is generally a question of fact to be found by a jury, and it is a safer plan in all cases for the judge to submit the question of whether certain facts constitute negligence to the jury. Denham v. Lumber Co., 73 Texas, 78; Railway v. Briggs [4 Texas Civ. App., 515], and Railway v. Long [4 Texas Civ. App., 497], decided by this court at the present term.

Again, we are not aware of any rule of law that would require a person walking the streets of a city to take another and different course to his point of destination than the one in which a defect in the sidewalk exists. It is the duty of the citizen to exercise reasonable care and prudence in providing for his own safety, but it is not his duty to leave a sidewalk in the business part of a city, that is daily and constantly being used by the public, and go off in quest of another route, even though it be a nearer and safer one. We can readily see that circumstances might arise—for instance, when the sidewalk is temporarily torn up for some purpose by the authorities, or where it is obstructed necessarily for building purposes—when a person would be held responsible for not seeking another and safer route, but no such rule can prevail where the accident occurs on a street that the public are invited to use by the municipal authorities. Cities and towns are held responsible for the condition of their streets and sidewalks, and they can not be permitted to shield themselves from the charge of negligence in this respect by making the defense that the person injured might have gone to his point of destination by some other route. The rule on this subject is, that in order for an act to be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that it can be reasonably said, without hesitation or doubt, that no careful person would have done it. It is also the rule, that if a highway or street is out of repair, or is obstructed, and this is known to the person injured, he is guilty of contributory negligence if he places himself in the way of it, provided as safe and as near a way is open to him. Railway v. Gasscamp, 69 Texas, 546.

In the case we are considering it is the contention of appellee, that the sidewalk was perfectly safe and was in daily use by many people, and under the circumstances it would be a singular species of law that would

permit it to justify an alleged act of negligence in keeping its sidewalks by saying the injured party ought not to have used its safe sidewalks, but have gone to his destination in another direction. Even if it had been incumbent on appellant to have gone by a different street, his act in going where he did was not in itself such want of care as would justify a judge in taking the question from the jury and telling them it was negligence. The question of contributory negligence in this case was purely one of fact, and as such should have been submitted under appropriate instructions to the jury for their determination.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 8, 1893.

Justice NEILL did not sit in this case.