### E. D. THOMAS v. H. W. DAVIS ET AL.

Delivered February 25, 1897.

**1.  Practice—Default of Plaintiff.**
A plaintiff is not entitled to any judgment unless he appears at the trial and prosecutes his suit.

**2.  Pledge of Note—Liability of Pledgee—Diligence in Collection—Pleading.**
Where the pledgor of a note alleged that the pledgee failed to press collection from the maker, and prevented the pledgor from doing so until the maker became insolvent, but stated no facts to sustain these conclusions, and it appears that the pledgee did bring suit within a short time after the note matured and made the pledgor a party, the pledgor is not entitled to recover from the pledgee the value of the note on the ground of the negligence of the latter in enforcing collection thereof.

**3.  Same—Same—Accepting Other Security.**
The mere fact that the pledgee of a note accepts other security from the maker in lieu of such collateral, where he releases to his debtor the note pledged and substitutes him as plaintiff in an action thereon then pending, will not render the pledgee liable to the pledgor for the value of the note, the maker being solvent at the time of the transaction but subsequently becoming insolvent.

ERROR from Aransas.    Tried below before Hon. M. F. LOWE.

*Barnard & McGown,* for plaintiff in error.

[No brief for defendants in error reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—There is no statement of facts, the case having been tried below in the absence of plaintiff in error, and the ground urged for reversal is that the judgment is not supported by the pleadings.    The judgment rendered below is, substantially, that Thomas, who was plaintiff, take nothing by his suit; that C. F. Bailey, one of defendants, recover of Davis, the other defendant, and of Thomas, the sum of $1002, interest and costs, with foreclosure of a vendor's lien on certain land, which is ordered to be sold, and that the proceeds be applied to payment of the judgment, the surplus to be paid over to Davis; that Davis, in the event he should pay any part of the judgment, should recover same of Thomas, and that he be subrogated to the rights of Bailey, under the judgment against Thomas; and, by agreement between Davis and Bailey, that, if Davis should have to pay the

Aranras Pass Land Company any sum to perfect his title to the land on which the vendor's lien was foreclosed, such sum should be credited on the judgment.

In order for the questions involved to be understood, a history of the suit, as shown by the record, should be stated. Bailey had sold the land mentioned to Davis, taking his note for $1250 of the purchase money, and had indorsed the note to Thomas. The note matured on the 29th day of June, 1891, and on the 20th day of August, 1891, Thomas instituted this suit against Davis, as maker, and Bailey, as indorser, to recover the amount due on it, and to foreclose the vendor's lien. On the 8th day of September, 1891, Davis filed his answer, in which he pleaded that the consideration had failed, because the title to the land was vested in third parties, asking that they be brought in, in order that the question of title might be tried. He also charged that Thomas took the note with notice of his defense, and as collateral security for a debt of $500 which Bailey owed Thomas. But he prayed that, in case he should lose the land, and still be held liable to Thomas, as innocent holder, the latter be restricted in his recovery to the amount of the debt for which he held the note as security, and that he recover of Bailey any sum which he might have to pay to Thomas. It appears that defendant Bailey filed a pleading on the 7th day of September, 1892, which is not in the record, and its date only is given in his amended answer filed in its stead February 12, 1895, more fully stated below.

On the 7th day of September, 1892, an order was entered in the cause, reciting that plaintiff Thomas appeared and said that he would no longer prosecute the suit, and asked that it be dismissed in so far as he was concerned; and that defendant Bailey appeared, and, with leave, filed his cross-bill, showing himself to be the equitable owner of such interest in the subject matter of the suit as entitled him to prosecute, in his own name and right, as plaintiff; and ordering that the cause be dismissed as far as plaintiff Thomas was concerned, and that it continue, in the name of Bailey as plaintiff, he having filed cost bond. On the 1st day of September, 1894, Thomas filed his motion to be reinstated as plaintiff, stating that the note sued on had been indorsed to him by Bailey to secure a note for $500 which Bailey owed him; that he had sued and recovered judgment on the $500 note, and that it was unpaid; that Davis had given additional security for the $500 debt of Bailey to Thomas, which had been foreclosed and subjected, yielding the sum of $330, leaving a balance of the debt unpaid, for which the $1250 note was collateral security; that the order of dismissal had been entered by mistake, without his knowledge and contrary to his intentions. On the 13th of September, 1894, Thomas was, by order of court, reinstated as plaintiff.

On the 12th day of February, 1895, Bailey filed the pleading on which the judgment is based. It contains answers to the pleadings of both Thomas and Davis, and a plea in reconvention against both. As against

Thomas it was pleaded:   First.   That since the institution of the suit Thomas had, for a valauble consideration, extended time to Davis, and had afterwards, for a valuable consideration, released Davis from liability on the note herein sued on.

Second.   In substance, that the note sued on had been indorsed by him to Thomas as collateral security for a note for $500 given by him to Thomas (which note is not further described anywhere in the record); that when this $500 note matured, and for a long time thereafter, Davis was solvent, having ample property in that county subject to execution to pay the $1250 note; "that plaintiff negligently and willfully refused to take the necessary steps to collect said note, and, by reason of such negligence and failure to exercise ordinary care, lost said note; that when this defendant offered to take steps necessary to enforce the collection of said note, as he did do, plaintiff made every effort to hinder and delay and prevent him from so doing; that in the meantime defendant Davis has become notoriously insolvent," and has no property, etc., except that for which the note was given, which has been rendered worthless by damage done to it by Davis; "that by reason of plaintiff's negligence and willful hindrance," the note has become a total loss; that it could have been collected had Thomas exercised ordinary diligence.

Third.   This plea further alleges that, since the institution of the suit, Thomas had accepted from Davis the note of the latter, with security, in lieu of Bailey's $500 note to Thomas, and in lieu of the $1250 note, and had relinquished all claim to the latter, and had agreed to and did dismiss his suit upon that note, by which it became the absolute property of Bailey; that Thomas had sued and recovered judgment against Davis on the note given by the latter to the former, and had caused the property to be sold for $——, which was a credit on the judgment against Davis, as well as on the $500 note of Bailey; that at the time Thomas accepted the new note as security from Davis the latter had ample property out of which the $1250 note could have been collected, but that he has since become and is now insolvent; that Bailey had often demanded possession of the note from Thomas, but the latter had withheld it, claiming that it was lost; and the answer asks for judgment for the value of the note, less such sum as is due on the original $500 note.   As against Davis, the answer insists upon judgment in Bailey's favor upon the note, contesting the plea of failure of consideration, and alleges, further, that Davis, since filing his answer and tendering a reconveyance of the land, has damaged the land to the extent of $2500, for which judgment is asked, if the defense set up by Davis should be sustained.

On August 16, 1895, defendant Davis filed a supplemental answer alleging that, since the institution of suit, he had executed to Thomas his note for $500 in payment of Bailey's note to Thomas for same sum, and that on this note judgment had been rendered and his property sold, but that the judgment was partly unsatisfied, and that it ought to be a

credit on the note sued on; that when he executed the $500 note to Thomas he gave him a mortgage on land to secure same, and in further consideration that plaintiff transfer said $1250 note sued on, and that this defendant then became the owner of the whole claim sued upon, for a valuable consideration.

*Opinion.*—In answer to the suggestion of appellant's counsel, that appellant was entitled, on the pleadings, to judgment for the amount of the note sued on, unless certain facts were established by the other parties, it is sufficient to say that plaintiff was not entitled to any judgment, unless he appeared and prosecuted his suit. The decision must depend on the two questions, whether or not the pleadings of defendant Bailey were sufficient to show a ground of recovery against appellant, and whether or not the judgment conforms to the pleadings.

It may be premised that Bailey neither sought nor obtained judgment against Thomas on the ground that the latter had converted the note. On the contrary, he prosecuted the suit and obtained judgment against Davis for the amount of the note. His ground of action against Thomas is his negligent failure to press collection from Davis and his prevention of Bailey from so doing, in consequence of which, and of Davis' subsequent insolvency, the value of the note was lost or impaired. It was evidently on this theory that a joint judgment was rendered against Thomas and Davis. For convenience, we have numbered the different parts of the answer.

The second and third subdivisions contain the only allegations by which it is attempted to show a liability of the character just explained. We think that in neither nor both of them is a cause of action stated. It must be kept in mind that this suit was brought in a very short time after the note matured, and that Bailey was from the first a party to it, and could have asked for any relief upon it that the facts may have entitled him to. In the second subdivision of his answer, he states that at the time the $500 note matured, and for a long time afterwards, Davis was solvent. When this was is not stated. Whether Davis was solvent or insolvent when the $1250 note matured, or whether he became insolvent at any time afterwards, this part of the plea does not inform us. It is not shown that between the maturity of the note sued on and the bringing of suit Thomas was guilty of any negligence. Nor is it shown what, if anything, he did, or failed to do, after the suit was brought, to make him liable. The allegations that Thomas failed to take, and hindered Bailey from taking, the necessary steps to enforce collection allege nothing but a conclusion of law. Solomon v. Skinner, 82 Texas, 346; Railway v. Murray, 73 Texas, 2.

No facts are stated, no acts or omission, such as, in view of the fact that the suit was brought as stated with Bailey a party to it, were necessary to charge Thomas, as pledgee of the note, with liability. Hence, apart from the facts alleged in the part of the answer stated above under the third head, no cause of action was stated which will

support the judgment.   In the third subdivision it is alleged that Davis was solvent when Thomas accepted his note in lieu of Bailey's note, and subsequently became insolvent; but it is also stated that, in that transaction, Thomas relinquished all right to the $1250 note, and it became the unincumbered property of Bailey.   The suit was pending, and Bailey had the right to prosecute it.   As Thomas had not, up to that time, so far as the pleadings show, done or omitted anything which would make him liable, we cannot see that the mere fact that he accepted the note of another person in lieu of that of Bailey, and released the property of the latter held as security, would be ground of complaint on Bailey's part.   It is alleged that Thomas agreed to dismiss and did dismiss his suit against Davis; but this was done, as the record shows, by substituting Bailey in his stead, with full right to prosecute.

The fact that the note was not delivered up, when Thomas claimed that it was lost, which is not negatived, would not of itself charge him with the liability set up against him.   The note was set up and fully described in the petition, and was admitted in all of the pleadings. It is not shown and is not perceived how the want of possession of the note prevented Bailey from securing his rights.   His pleadings, in view of the record and the history of the case, were fatally defective, and insufficient to support the judgment.   But if they were held sufficient, the judgment rendered is not in accordance with them.   If he had a cause of action because Thomas, by his negligence, had allowed Davis to become insolvent, his damage would be the diminution in the value of the note.   Davis would still be liable to him, and was so held by the court.   He would be entitled to the proceeds of the land, and, if nothing more could be collected from Davis, he would be entitled to recover the balance from Thomas.   This would be the extent of his damage in this kind of an action.   But the judgment gives to Davis the right to collect of Thomas any sum which he may have to pay to Bailey.   The pleadings of Davis furnish no basis for this.   Davis, it is true, alleges his conclusion that by the facts stated he became the owner of the note, but the facts stated do not warrant any such conclusion.   He claims and gets the benefit of the amount paid by him to Thomas as a credit on his $1250 note.   The $500 note which he gave Thomas was for a debt secured by the $1250 note, and the payment on it was simply a payment of a part of his debt.   He does not allege that Thomas released him from the $1250 note.   He says he gave other security for his debt, in consideration that Thomas would transfer the note, but not that Thomas did transfer it.   That Thomas could not have done to Bailey's prejudice.

*Reversed and remanded.*