*Reversed and rendered.*

Delivered March 12, 1889.

| 73 | 311 |
| 76 | 160 |

---

### MISSOURI PACIFIC RAILWAY COMPANY v. JAMES T. FOREMAN.

#### No. 2655.

1. **Negligence—Declarations of Conductor.**—In a suit for damages brought by a passenger against a railway company it was error for the judge to charge the jury that if the conductor told the plaintiff that the train would stop five minutes at Dodge (a way station), and then moved the train before the time had elapsed, then this was negligence on the part of the railway company.

2. **Same.**—No duty of care is imposed upon a railway company by reason of a conductor of a train in response to a question asked by a passenger answering and giving the length of time the train managed by the conductor would stop over at a station ahead upon the road.

3. **Contributory Negligence—Burden of Proof.**—While it is the general rule that the burden of proving contributory negligence is upon the party alleging it, yet where the plaintiff's own case shows a suspicion of negligence on his part then he must clear off such suspicion. Ry. Co. v. Spicker, 61 Texas, 427.

APPEAL from Walker. Tried below before Hon. N. G. Kittrell.

The opinion states the case.

*Baker, Botts & Baker*, for appellant. —1. The court charged the jury as follows: "The conductor of a train is the one invested with the control and direction of it; and if you believe he told Foreman that the train would stop five minutes Foreman had the right to rely on said information in regulating his movements; and if he gave Foreman such information and then moved the train before that time elapsed, then such action of the conductor was as to the plaintiff negligence, and negligence of

the conductor is negligence of the railway company; but such negligence does not authorize a recovery if the plaintiff by his own negligence was the proximate cause of his injury, so that but for such negligence on his part he would not have been injured."

The facts were not such as to authorize the court to tell the jury as matter of law that they constituted negligence of the railway company. But this is not all of it. The court's charge is the same as if he had said, "if you believe the conductor told Foreman the train would stop five minutes then Foreman had the right to rely on said information, and if he moved the train before that time had elapsed, then such action of the conductor was negligence of the railway company, and the plaintiff is entitled to recover unless you believe his own negligence was the proximate cause of his injury, so that but for such negligence on his part he would not have been injured." This is the accurate and legitimate construction and meaning of the above charge, and is the only way in which a jury capable of writing a verdict could understand it. It is making the conductor's statement that the train would stop five minutes and its failure to do so the proximate cause of the plaintiff's injuries unless his negligence contributed to the cause of them.

But the fact that the conductor told appellee the train would stop five minutes and left before the time had expired is not only not negligence of the railway company but could afford no cause of action against it in any way. T. & P. Ry. v. Murphy, 46 Texas, 356; Railroad Co. v. Hewitt, 67 Texas, 473; Railroad Co. v. Levi Bros., 59 Texas, 674; Railroad Co. v. Evanisch, 61 Texas, 3; Railroad Co. v. Medaris, 64 Texas, 92; 61 Miss., 245; same case, 18 Am. and Eng. R. R. Cases, 245; 94 Mo., 255; 7 S. W. Rep., 1; 75 Mo., 185; R. R. Accidents, p. 7, sec. 7; Haven v. Pender, Q. B. Div., 507.

2. The fifteenth paragraph of the court's charge, as follows, is erroneous: "The defendant company sets up contributory negligence on the part of plaintiff, and on this point the burden of proof is on the defendant to satisfy you by a preponderance of the evidence that but for the negligent act and conduct of plaintiff in trying to board the train he would not have been injured." D. & W. R. R. Co. v. Spicker, 61 Texas, 427; Railroad Co. v. Rediker, 67 Texas, 181.

*Abercrombie & Randolph,* for appellee. — 1. The question of plaintiff, "how long the train would stop at the intervening station, Dodge?" and the conductor's reply, "five minutes," constituted a part of the *res gestæ,* tended to explain the conduct of the parties, and to prove an issue in the cause; and the court below did not err in admitting the testimony as complained of in the first error assigned nor in refusing to exclude it from the jury as charged in the fifth assignment of error. Wood's Prac.

Ev., 146; 1 Greenlf. on Ev., sec. 51a; T. & P. Ry. Co. v. Davidson, 68 Texas, 370.

2.   Whether certain acts were or were not the proximate cause of the injury are in Texas questions of fact solely for the jury, and the judge's power to control the result of the case in reference to the facts is upon a motion for a new trial when a proper objection to the verdict has been made for that purpose.   Rev. Stats., art. 1317; T. & P. Ry. Co. v. Murphy, 46 Texas, 367–8; Eames v. T. & N. O. Ry. Co., 63 Texas, 660.

3.   If one entitled to the rights of a passenger on a railway train without being guilty of contributory negligence is injured in the effort to get on the train which has started from a stopping place before the time designated to the passenger by the conductor in charge, the company is liable in damages for the injury, and the court did not err in giving the charge complained of on the issue.   T. & P. Ry. Co. v. Davidson, 68 Texas, 370.

4.   Both the common and divine law require that every person should speak the truth in transactions with his fellow man, and it is not error to charge the jury as a matter of law that a violation of a duty imposed either by statute or common law is negligence.   Seale v. G. C. & S. F. Ry. Co., 65 Texas, 274; T. & P. Ry. Co. v. Murphy, 46 Texas, 356.

5.   The onus is on the defendant where it sets up contributory negligence, and the court did not err in so charging.   The court in three different clauses had charged that plaintiff could not recover if the jury believed he was guilty of contributory negligence or that he did not use the same caution that an ordinarily prudent man would have done under the same circumstances.   T. & P. Ry. Co. v. Murphy, 46 Texas, 357; H. & T. C. Ry. Co. v. Cowser, 57 Texas, 302; Railway Co. v. Rediker, 67 Texas, 181.

GAINES, ASSOCIATE JUSTICE. — The appellee brought this suit against appellant to recover damages for a personal injury.   The case made by his own testimony was that he purchased a ticket and took passage from Trinity Station to Conroe on a train upon a railroad then operated by the appellant company; that just as the arrival at Dodge, an intermediate station, was announced he asked the conductor how long the train would stop at that station, and was answered that it would stop five minutes. Upon the arrival at that station he left the cars to inquire for a letter, and he had gone but a few steps when he saw the postmaster and called him and made the inquiry and received the answer that there was none for him.   About that time he heard the train start and ran to get aboard. He reached it about midway of the rear coach and as it passed he seized the hand rail of the rear end of the car, and thereupon the train seemed to give a jerk and threw him upon the track and injured him.   The conductor of the train testified that he did not tell plaintiff that the train

would stop five minutes at the station, and that he knew nothing of his leaving the train. The engineer testified also that he had no knowledge of the latter fact.

The court charged the jury in effect that if the conductor told the plaintiff that the train would stop five minutes at Dodge, and then moved the train before the time had elapsed, this was negligence on part of the company, and refused an instruction asked by the defendant to the effect that the jury in arriving at their verdict should not take into consideration any testimony tending to show that plaintiff asked the conductor how long the train would stop at Dodge or the conductor's reply that it would stop five minutes. The giving of the former and the refusal of the latter charge are complained of in separate assignments of error. If the plaintiff had made known to the conductor his desire to stop at the station, and the conductor had expressly or impliedly promised him to wait five minutes, or if the conductor upon his asking the question told him that the train would stop a designated time, and the conductor subsequently knew that he had left the train and moved it without giving him time to re-enter the car, the plaintiff would have had a different case—one, however, which we do not feel called upon to determine on this appeal and upon which we express no opinion.

The contract of a railroad company with a passenger is to carry him to his point of destination. He is not expected to leave the cars at intermediate stations, and the carrier does not engage to afford him an opportunity to do so except at the usual stopping places for refreshments.

It follows, we think, that when a conductor is merely asked how long a train will stop at a certain station, he is not presumed to know that it is the desire of the inquirer to alight and to consume the time of the halt on business away from the cars. Such questions are frequently asked by passengers from idle curiosity or other motives, and it would be unreasonable to hold that by answering them the conductor assumes for the company the obligation to watch the movements of the passenger or unnecessarily delay the train in accordance with the answer. We think the obligation of the defendant was neither increased nor diminished by the conductor's answer in this case, if he made the answer, and that the court erred in holding to the contrary.

According to the rule announced by this court in the case of Railway Company v. Spicker, 61 Texas, 427, the court also erred in its charge as to the burden of proof of contributory negligence. "When the plaintiff's own case shows a suspicion of negligence, then he must clear off such suspicion." Id. The law will not presume that a plaintiff has been negligent in the absence of some evidence tending to show it; but when his evidence tends to create the presumption, then he must rebut the presumption by sufficient proof to produce a belief in the minds of the jury that negligence on his part did not in fact exist.

On account of the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 12, 1889.