MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. W. L. RAY.

Decided April 27, 1901.

**1.—Railroads—Injury at Crossing—Degree of Care.**

Where a traveler is signaled by a railroad flagman to cross the track, he has the right to presume that it is safe to cross, and is not bound to exercise the same degree of care as where no such signal had been given, but is required to use only such care as would a reasonably prudent man under the circumstances.

**2.—Same—Fact Case—Frightening Horse.**

Where a traveler approaching a railroad track is signaled by the flagman there to cross, and upon doing so is nearly struck by the sudden starting up with considerable noise of an engine near there causing his horse to take fright and run away, and himself to be thrown from the buggy and injured, he is entitled to recover from the railway company therefor.

Appeal from Hunt. Trial before Hon. L. A. Clark.

*T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*J. G. Matthews* and *Sherrill & Hefner,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit instituted by W. L. Ray, appellee, against the appellant to recover damages for personal injuries. The pleading alleged that on January 28, 1899, the plaintiff and another were driving in a buggy along Lee street in the city of Greenville, plaintiff doing the driving. When they reached the crossing of defendant's railroad over Lee street, they stopped to ascertain if it was safe to cross; that the flagman stationed by defendant at said crossing signaled them to cross; whereupon they drove upon the track, and an engine which was near the crossing and a little north of it started south over the crossing, and the moving engine nearly caught the buggy, and this, together with the noise occasioned by the escaping steam, caused

the horse to run away and injure plaintiff. A trial resulted in a verdict for $1250, upon which judgment was duly entered, and defendant has perfected its appeal to this court.

The first assignment of error complains that the court erred in giving the following special charge requested by plaintiff: "When a traveler is notified by a railroad flagman to go upon a crossing, he has a right to presume that it is safe to cross, and is not bound to exercise the same degree of care which he is expected to exercise if no signal had been given by the flagman, but is only required to exercise for his own safety such care as a reasonably prudent man would exercise under similar circumstances."

This charge is objected to as being on the weight of the evidence in telling the jury that a traveler is not bound to exercise the same degree of care which he would be bound to exercise if no signal had been given by the flagman. (2) It is on the weight of the evidence in telling the jury that the plaintiff had a right to presume that it was safe for him to cross, the view of the surroundings being more or less open to him, and that it could not be charged that he could presume that it was safe for him to cross if those surroundings indicated the want of such safety. There are other objections made, but they are substantially embraced in those above set out.

When the plaintiff was signaled by the flagman to cross the track, this was an assurance that it was safe to do so, and the plaintiff had the right to rely thereon. The same degree of care was not required of him as if there had been no such invitation. Such invitation would not excuse a traveler, however, from rushing recklessly into certain and apparent danger. He should use such care as a reasonably prudent man would under the circumstances. Elliott on Railroads, sec. 1157; Sweeney v. Railway, 10 Allen, 368; Sharp v. Glushing, 96 N. Y., 676; Pennsylvania Co. v. Stegemeier, 118 Ind., 305.

The charge complained of embraced the principles above announced. It concluded by telling the jury that the plaintiff was required to exercise such care as a reasonably prudent man would exercise under similar circumstances. The charge, we think, is correct and the first assignment is overruled.

The only other assignment presented in the brief of appellant challenges the verdict as being contrary to the evidence. The evidence is conflicting upon all material issues. There is evidence sufficient to support the verdict finding the following facts, and in deference to the verdict we so find: The plaintiff, being about to drive in his buggy across the track of defendant railroad at Lee street, a public crossing in the city of Greenville, upon approaching said crossing stopped to ascertain if it was safe to cross. He waited until he saw the flagman, stationed by defendant at said crossing to give notice of the movements of defendant's engine and cars, signaled to him to cross. He then started across, and when about half way over, the defendant's engine, which was standing just north of the crossing, and from which the steam was escaping with

considerable noise, began to move south in the direction of the plaintiff's buggy, coming almost in contact with it, causing his horse to take fright and run away, throwing plaintiff from his buggy and injuring him, whereby he sustained damage in the amount found by the jury.

The defendant was negligent in giving the signal to plaintiff to cross under the circumstances, and in running its engine so close to plaintiff's buggy and in permitting the steam to escape in the manner it did. The plaintiff was not negligent in attempting to cross in obedience to the signal given by defendant's flagman. The verdict and judgment are supported by the evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.