REBECCA A. SMITH v. DELAWARE RIVER AMUSEMENT COMPANY.

Submitted March 20, 1908—Decided June 8, 1908.

It is not essential in an action in tort that the declaration, which in other respects states a cause of action, should allege that at the time of the injury complained of the plaintiff was in the exercise of due care.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff, *John F. Harned.*

For the defendant, *William Harris.*

The opinion of the court was delivered by

MINTURN, J.   The declaration alleges that on July 27th, 1907, the plaintiff purchased a ticket of admission to a grandstand, in an amusement park maintained by defendant, at Gloucester, in this state; and that while leaving the stand with other people, she, without notice of the existence of any danger, walked into a hole in the flooring and severely injured herself.

The grounds of demurrer raise the question as to the sufficiency of the declaration from three standpoints:

*First.* That it does not state a cause of action.

*Second.* That it does not show that plaintiff used reasonable care; and,

*Third.* That it appears therefrom that plaintiff contributed to her own injury.

Under the adjudged cases in this state, the facts alleged in the declaration sufficiently disclose a legal cause of action; and the rule must now be considered settled, that the owner or occupier of premises who, by invitation, express or implied, induces persons to enter upon his premises, must exercise reasonable care to render the premises reasonably safe for such use. *Phillips* v. *Library Company,* 26 *Vroom* 307; *Eckman* v. *Atlantic Lodge,* 39 *Id.* 10; *Land* v. *Fitzgerald, Id.* 28.

We cannot say from an inspection of this declaration that it shows the plaintiff to have contributed to her own injury; nor will the law presume that she was negligent in that respect. *Missouri Pacific Railroad Co.* v. *Foreman,* 73 *Tex.* 311.

The requirement in some jurisdictions, that the declaration shall allege that due care was exercised by the plaintiff; or, in other words, that contributory negligence shall be negatived by an allegation of due care (*Cooley Torts* 673) has never been the rule in this state; but, on the contrary, it has been determined, that a declaration is good, if it contains all that is necessary for the plaintiff to prove under a plea of the general issue, in order to entitle him to recover. *Beardsley* v. *Southmayd,* 2 *Gr.* 534.

The plaintiff, therefore, is entitled to judgment on the demurrer.