HAMBRICK v. TEXAS & P. RY. CO.
(No. 3257.)

(Court of Civil Appeals of Texas. Texarkana. May 13, 1926.)

1. Railroads ⬅351(3)—Instruction requiring person injured at railroad crossing to prove freedom from contributory negligence held error when not negligent as matter of law.

In action for personal injuries at railroad crossing, plaintiff, not chargeable with contributory negligence as matter of law, did not have burden of proof of lack of such negligence, and it was error to charge that burden was on him.

2. Negligence ⬅136(8).

Where whole case or plaintiff's own evidence affirmatively shows contributory negligence as proximate cause of injury, verdict should be directed.

3. Railroads ⬅350(16)—Evidence held insufficient to show railroad was entitled to peremptory instruction on issue of truck driver's contributory negligence at crossing.

On plaintiff's appeal in action for personal injuries while driving truck over railroad crossing, evidence held insufficient to show defendant entitled to a peremptory instruction, thereby rendering harmless instruction placing on plaintiff burden of proof of want of contributory negligence.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by C. W. Hambrick against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Reversed, and cause remanded.

The action is for damages for personal injuries. The appellant claims that, in the exercise of due care for his safety, he was driving a truck across a railroad crossing, and that through negligent operation of a train the locomotive struck and injured him. The railway company, besides a general denial, specially pleaded as a defense the contributory negligence of the plaintiff. The case was submitted to the jury on special issues, and in keeping with the verdict the court entered judgment for the defendant. The jury specially found as a fact that the operatives of the locomotive were guilty of negligence, proximately causing injury to the appellant, in failing to ring the bell and to keep it ringing in approaching the crossing, in warning of the coming of the train. The jury further found as a fact that the plaintiff was guilty of contributory negligence "in going upon the crossing as and when he did," and also "in attempting to drive over the crossing with the brakes of the truck in defective condition."

The alleged collision occurred about 5 o'clock a. m. of December 15. The appellant was traveling on the public highway, going east from Fruitvale to Grand Saline, driving a small auto truck. About 2 miles east of Fruitvale a public road running north and south crosses the railway track running east and west. This road was then being used as a detour way, owing to work being done on the highway. The crossing is called the Teal road crossing. The railway track east is practically straight for about 2 miles. There were embankments on each side of the public road as it went south over the crossing, sufficient to obscure the approach of the train. It seems to appear that the road intersects the highway "about 30 yards from the railway track," and that "the public road runs down grade and between the two embankments." The regular passenger train was coming from the east, going west, and running about 30 miles an hour. The headlight was shining brightly.

As material to state, the appellant testified:

"That he was traveling about 20 miles an hour before he reached the turn in the road, and that when he turned in the detour to go south and across the railroad he was only traveling about 5 miles an hour, as he had to slow his speed in order to make the turn, which began about 30 yards from the railway track. That when he reached the place to turn or detour he looked east down the railroad, and that he did not see any train or any headlight, heard no whistle blow or bell ring. That just immediately after the turn there is an embankment on each side of the road, and that just at the time his truck reached the railway track the locomotive of a train ran into the truck. That he did not know a train was there until it was right on him. That the public road runs down grade and between the two embankments. That

when he saw the train it was within 5 or 6 feet of him before the front of the truck got on the track. That he did not make an effort to stop the truck, but made every effort to get off of it. He jumped to the right about the time the train struck the truck."

The evidence in behalf of the railway company goes to show: That the train approaching from the east could be seen from the road before it turned to the crossing for some distance. That the headlight cast a bright glare ahead for some distance. That the operatives of the locomotive were not guilty of negligence. That the plaintiff suffered no personal injury.

It is immaterial to fully state the evidence, in view of the disposition of the appeal. The trial court concluded that the evidence sufficiently raised an issue of fact for the jury to decide as to the negligence alleged, and as to the contributory negligence of the plaintiff, and as to whether or not the plaintiff sustained any injury.

J. H. Beavers, of Winnsboro, and Albert Maberry, of Mineola, for appellant.

Jones & Jones, of Mineola, for appellee.

LEVY, J. (after stating the facts as above). [1] The court instructed the jury that "the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the negatives of questions 1, 3, and 5." Question No. 5 reads:

"Was plaintiff guilty of contributory negligence in going upon the railroad crossing as and when he did, if you find that he did go upon the crossing? Answer 'Yes' or 'No.'"

Appellant excepted to the instruction "in placing the burden of proof upon the plaintiff to prove by a preponderance of the evidence that he was not guilty of contributory negligence in going upon the railroad crossing." The point made pertains to a rule of evidence as to the mode and manner of proving the competent facts and circumstances upon which a party refuses to establish the fact in dispute involved in an issue submitted to the court or to the jury for consideration. In an action of tort for negligence, the burden of proof is upon the plaintiff to establish the alleged negligence of the defendant by such quantum of evidence as the law demands in the case in which the issue arises. The obligation to establish the truth of the claim by a preponderance of the evidence rests throughout the trial upon the plaintiff. Railway Co. v. Foreman, 73 Tex. 311, 11 S. W. 326, 15 Am. St. Rep. 785; 22 C. J. § 21, p. 76; 16 Cyc. 932. If the defendant in such action relies upon the contributory negligence of the plaintiff as a defense, the burden of proof, in this state, is upon the defendant to establish it. Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538.

[2] Accordingly, a plaintiff has not made out a prima facie case within this rule such as to entitle him to a judgment in case the facts stated in his petition or in case his own testimony or the undisputed facts of the case affirmatively establish contributory negligence on the part of the plaintiff. Sanches v. Railway Co., 88 Tex. 117, 30 S. W. 431, and other similar cases. It is very clear that, when it appears from the whole case or on the plaintiff's own showing that he has been guilty of negligence which, as a proximate cause, contributed to the injury, he cannot recover, and an instructed verdict should be granted. There is no open issue of fact for the jury to pass upon. But, when the evidence is all in and the case is submitted for determination, there can no longer be any question of burden of proof, so far as that term is concerned with the order of production of evidence. At this stage, if the proofs on behalf of the plaintiff are such that the court cannot declare contributory negligence as matter of law, the question of whether or not the plaintiff affirmatively appears to have been guilty of contributory negligence must go to the jury on all the facts adduced, to be determined, like any other question of fact, upon a preponderance of the evidence. Railway Co. v. Harris, 103 Tex. 422, 128 S. W. 897; Railway Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386; 1 Thompson on Neg. 406. In such case the plaintiff has not wholly failed to produce such quantum of evidence as the law demands in the case to make or meet a prima facie case of negligence proximately causing injury, and he is entitled to have the jury determine the truth of the claim. In the instant case the trial court reached the conclusion that the plaintiff's proofs were not such as to justify declaring the plaintiff to have been guilty of contributory negligence as matter of law. The court having so determined, it was error to specially instruct the jury that the burden of proof was upon the plaintiff to show himself free from contributory negligence. Railway Co. v. Shieder, supra; Dalwigh v. Railway Co. (Tex. Civ. App.) 42 S. W. 1009; Pares v. Railway Co. (Tex. Civ. App.) 57 S. W. 301; Huber v. Railway Co. (Tex. Civ. App.) 113 S. W. 984.

[3] The appellee answers the appeal by the contention that a peremptory instruction should have been given in its favor. In this respect we are not prepared to say in this appeal that the trial court's conclusion was entirely erroneous. We are not to be understood, however, as in anywise prejudging the merits of the case.

The judgment is reversed, and the cause is remanded for trial.