## STEVENSON v. HOUSTON & T. C. R. CO. (No. 7378.)

Court of Civil Appeals of Texas. Austin. July 3, 1929.

Rehearing Denied July 20, 1929.

208

E. R. York, S. L. Staples, Harris & Harris, and Cofer & Cofer, all of Austin, for appellant.

Baker, Botts, Parker & Garwood and Garrett, Brownlee & Goldsmith, all of Austin, for appellee.

BAUGH, J. Stevenson sued the railway company for property damage and damages for personal injuries resulting from a collision between his automobile and appellee's train where the Manor public road crosses appellee's railroad near Austin, in Travis county, Tex. The case was submitted to a jury on special issues. They found the railway company guilty of negligence proximately causing the collision, but also found that Stevenson had failed to have his automobile equipped at the time with adequate brakes in good working order; and that such failure was a proximate cause of the collision. The court rendered judgment for the railway company.

The first contention made by appellant is that article 799, Penal Code of Texas, making it a criminal offense to operate "upon a public highway a motor vehicle not provided with adequate brakes kept in good working order," is invalid because too indefinite and uncertain to apprize such operator whether or not, under given conditions, he is violating the law. The railway company pleaded that Stevenson was operating his automobile at the time in violation of law and that issue was submitted to the jury in the language of the Penal Code. The jury so found and that such violation was a proximate cause of his injuries. If the article attacked is valid, appellant was guilty of contributory negligence as a matter of law; if invalid, then whether or not his failure to have adequate brakes was negligence became a fact issue for jury determination.

The article of the Penal Code here attacked does not appear to have ever been before the Court of Criminal Appeals for construction. Article 6 of the Penal Code provides that whenever a provision of the Penal Law "is so indefinitely framed or of such doubtful construction that it cannot be understood," it shall be regarded as wholly inop-

erative. We think that the language, "adequate brakes in good working order," falls under the condemnation of this article, as well as that of article 1, § 10, of the Constitution. The rule announced by numerous authorities is that the act charged must be one which the party may reasonably know in advance is criminal. Ex parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478, 26 A. L. R. 891; Cinadr v. State, 108 Tex. Cr. R. 147, 300 S. W. 64; Overt v. State, 97 Tex. Cr. R. 202, 260 S. W. 859, and authorities there cited; Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494.

Penal statutes which use generic terms whose meaning is readily understood by the public, or which employ terms having an established or well-defined legal meaning, have been upheld, even though such statutes do not define specifically what act or acts constitute the offense. State v. T. & P. Ry. Co., 106 Tex. 18, 154 S. W. 1159; Bradford v. State, 78 Tex. Cr. R. 285, 180 S. W. 702; State v. I. & G. N. Ry. Co., 107 Tex. 349, 179 S. W. 867. But in such cases it was because of those facts, and because it was impracticable if not impossible for the Legislature to be more specific in defining the offense charged, that such laws have been upheld. In the instant case, however, the term "adequate brakes" has no such well-defined legal meaning. Brakes are a definite mechanical portion of such vehicles, their kind and character are limited in number, and their operation is not complex. Brakes deemed entirely adequate when the law was passed (1917) would probably be deemed inadequate now. Those adequate under one set of circumstances might be considered inadequate under different circumstances. Brakes which one jury in one locality might deem adequate might, by a jury in another locality under other conditions, be deemed inadequate. Thus in effect it is left to the jury to define what constitutes the offense; not to find whether or not specific facts exist which the law defines as the offense. It is manifest, we think, without further discussion, that the Legislature could have, without serious difficulty, more clearly and definitely defined what constitutes "adequate brakes" for a motor vehicle, and the failure to do so renders the statute invalid.

But appellee insists that if said article of the Penal Code be deemed invalid as a penal statute, it is still sufficiently clear and specific as prescribing a rule of civil conduct. But as stated by the Galveston Court of Civil Appeals in Graham v. Hines, 240 S. W. 1021 (writ refused), "the logic of such a contention does not seem apparent to us." In I. & G. N. v. Mallard (Tex. Com. App.) 277 S. W. 1051, it was charged that Mallard had violated article 800 of the Penal Code and that his act made him guilty of contributory negligence as a matter of law. After holding that article invalid for uncertainty, the Commission of Appeals say: "It results, of course, that Mallard did not, as charged, violate the law, and was not, as a matter of law, guilty of contributory negligence."

Such contention cannot be sustained for the further reason that the statute in question was not intended by the Legislature to be a civil regulation; but was passed as a criminal statute, and its validity must be tested as such.

The question of whether or not the appellant was guilty of contributory negligence in permitting his brakes to become defective was not submitted to, nor requested to be submitted to, the jury. Nor do we agree with appellee that the jury findings that the brakes were inadequate, and that such inadequacy was the proximate cause of the collision, necessarily convict him of contributory negligence. That, however, becomes immaterial for the reason that nowhere did plaintiff object to the charge for failure to submit the issue of negligence in this respect. It was not incumbent upon the plaintiff to prepare or tender issues of interest only to the defendant, or vice versa; but having failed to object in any manner to the court's charge on the ground that such element was not submitted, appellant is in no position to complain, and the court will be deemed to have found thereon in such manner as to support the judgment. Article 2190, Rev. St. 1925; Morten Inv. Co. v. Trevey (Tex. Civ. App.) 8 S.W.(2d) 527; Walker v. Rogers (Tex. Civ. App.) 10 S.W.(2d) 763.

We do not sustain appellant's second contention that he was entitled to a judgment on the findings of the jury regardless of whether he was guilty of contributory negligence. The only negligence of which the railway company was found guilty was that it negligently permitted its mechanical warning at said crossing, consisting of a bell and wigwag, both set in operation by the approach of a train, to get out of repair so that same was not working when the collision occurred. Appellant contends that the failure of such signal device to work constituted an implied invitation to him to cross, and that because of that fact any act of contributory negligence on his part was immaterial. We do not think so. This mechanical device was not required by law and constituted merely an additional warning to the statutory warnings required of railroads at road crossings. Nor can it be put in the same category with a flagman, guided by human intelligence, stationed at hazardous crossings. The public are entitled to rely generally on such signals to work properly, and to relax their watchfulness to a degree in crossing; but it cannot be said that they can rely upon this one warning alone and be relieved of the duty of keeping a reasonable lookout, or that they may ignore statutory warnings, or thus be excused for their own contributory negligence. They are still chargeable with using that degree of care which a person of ordinary prudence

would use under such circumstances. The signal installed by the railway company was not a substitute for other warnings, but in addition to such other warnings, and not exclusive of them. Even cases which hold that conduct of a watchman, or where gates are raised, constitute an implied invitation to cross, have never gone so far as to excuse an act of contributory negligence on the part of the injured person. For the most part they only announce the rule that such facts or circumstances relieve the traveler from guilt of contributory negligence as a matter of law, and make his conduct as to negligence vel non an issue to be determined by the jury. Missouri, K. & T. Ry. Co. v. Ray, 25 Tex. Civ. App. 567, 63 S. W. 912; Thompson on Negligence, vol. 2, §§ 1530, 1531, p. 207; Id. § 1614, p. 291; Berry on Automobiles (4th Ed.) § 849, p. 792; Crowley v. Ry. Co., 204 Iowa, 1385, 213 N. W. 403, 53 A. L. R. 964, and numerous annotations thereunder.

■ The next question raised complains of the refusal of the trial court to submit to the jury the issue of discovered peril. The jury found appellee guilty of negligence and the appellant guilty of contributory negligence. Discovered peril was pleaded by appellant and questions presenting that issue requested by him to be submitted to the jury. We think the evidence was sufficient to take the issue to the jury. The jury found that the whistle was blown and the bell rung as required by law as the train approached the crossing. It is manifest, we think, that neither the appellant, nor the negro who was riding with him, heard either warning. Appellant's car was running downhill at the crossing. Testimony differed as to its speed. The fireman testified that he saw the automobile some 100 or 125 feet from the crossing just as the engine entered the cattle guard at the edge of the road; that the car was coming at a high rate of speed; and that he gave the emergency stop signal to the engineer, who immediately applied the brakes, bringing the train to a stop at about 175 feet beyond the crossing. There was evidence that appellant did not see the train until he was much closer to the track than when the fireman had first seen him; that he then turned his automobile to the right seeking to avoid the collision and struck the water tank some 38 feet from the front of the engine. The fireman gave no signal to the engineer to blow the whistle, nor did he attempt to do so himself, after he discovered appellant's approach. The futility of the signal he did give (to stop the train), under the circumstances, was demonstrated by the fact that it was impossible to stop the train before the impact. Had the whistle been blown immediately upon the discovery by the fireman of appellant's position, appellant might have sooner discovered the presence of the train, and might have turned his car sufficiently to have avoided the collision, or have jumped from it in time to have avoided personal injuries to himself. It is immaterial, we think, whether the engine was distant from the crossing and the automobile near it when the perilous position of appellant was discovered; or whether the engine was near the crossing and the automobile further away, if the driver of the car was not aware of his danger but the engineer or fireman was. The test is whether, after the discovery of such perilous position, the operators of the train, which is of necessity unable to change its course or stop immediately, have acted as men of ordinary prudence would have acted under the circumstances, and have used all the means at their command consistent with the safety of the train to avoid the collision. In the instant case, the effort to stop the train was manifestly useless. Whether or not the whistle could or should, in exercise of ordinary prudence, after the fireman discovered appellant's approach, have been blown in time to have apprised him of the presence of the train sooner than he discovered it otherwise, and whether such warning would have averted the collision, was, we think, a matter that should have been submitted to the jury. Houston, E. & W. T. Ry. Co. v. Kopinitsch, 114 Tex. 367, 268 S. W. 923; Sanches v. Ry. Co., 88 Tex. 117, 30 S. W. 431; Missouri, K. & T. Ry. Co. v. Reynolds, 103 Tex. 31, 122 S. W. 531; St. Louis Southwestern R. Co. v. Inman (Tex. Civ. App.) 293 S. W. 651; Northern Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 42; Houston, E. & W. T. Ry. Co. v. Sherman (Tex. Civ. App.) 10 S.W.(2d) 243.

■ The trial court also erred in instructing the jury that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that his injuries resulted from the negligence of the defendant; and then in failing to instruct the jury, after objection of appellant called his attention thereto, that it was incumbent upon appellee to establish by a similar burden of proof the issues of contributory negligence pleaded by it. Louisiana Ry. & Nav. Co. v. Cotton (Tex. Civ. App.) 1 S.W.(2d) 393; Hambrick v. Ry. Co. (Tex. Civ. App.) 285 S. W. 883. The charge given is also subject to the criticism that it is a general charge. Such charges are ordinarily improper in cases submitted on special issues. The better practice in such cases, where necessary to charge upon the burden of proof at all, as stated in Wootton v. Jones (Tex. Civ. App.) 286 S. W. 688, is to direct the jury where and not upon whom such burden rests. See also Houston & T. C. Ry. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; Morris v. Davis (Tex. Civ. App.) 3 S.W.(2d) 109.

Reversed and remanded.