## HOME BENEV. SOC. v. REED.
### No. 8089.

Court of Civil Appeals of Texas. Austin.
March 13, 1935.

Cofer & Cofer, of Austin, for appellant.

G. N. Brubaker, of San Marcos, for appellee.

BLAIR, Justice.

Appellee, Miss Myrtle Reed, the daughter and beneficiary of J. S. Reed, deceased, sued appellant, Home Benevolent Society, on a policy of insurance covering the life of the said J. S. Reed for $500, being policy No. 1323–S, issued by Bankers' Guaranty Life Insurance Company, of Dallas, Tex., alleging in her original petition that appellant had taken over the assets and liabilities of said Bankers' Guaranty Company; and by a supplemental petition that appellant had taken over and assumed the obligations of said Bankers' Guaranty Company on the policy in suit, attaching same to, and making it a part of, her pleadings by reference.

Two special issues were submitted to the jury, as follows:

"Did the Home Benevolent Society take over and assume the obligations of the Banker's Guaranty Life policy issued to James S. Reed?"

"What amount of money, if any, does the defendant owe the plaintiff, Miss Myrtle Reed?"

The jury answered "Yes" to the first issue, and $450 to the second issue. Judgment was accordingly rendered in favor of appellee for $450.

Appellant objected to the charge and issues submitted, because they did not require the jury to answer the questions submitted "from a preponderance of the evidence." The objection was well taken. The issues should have been so framed as to have required the jury to find "from a preponderance of the evidence" the fact or facts elicited by each issue. Thus the burden of proof would have been properly placed upon appellee. Stevenson v. H. & T. C. Ry. Co. (Tex. Civ. App.) 19 S.W. (2d) 207; Id. (Tex. Com. App.) 29 S.W.(2d) 995; Speer on Special Issues, 184, § 134.

We overrule appellant's contentions that its request for an instructed verdict should have been given, because of insufficient pleadings and evidence to show that it had taken over and assumed the obligations of the Bankers' Guaranty Life Company policy issued to James S. Reed. Since we are reversing the case because of the failure to instruct the jury as to the burden of proof, we pretermit a discussion of the facts. We suggest, however, that appellee amend her pleadings so as to allege her cause of action by an amended original petition, before another trial of the case.

The judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.