## McLAUGHLIN v. SOUTHERN PAC. CO. et al.

### No. 3446.

Court of Civil Appeals of Texas. El Paso.

Nov. 19, 1936.

Rehearing Denied Dec. 10, 1936.

John T. Hill and H. A. Van Tassel, both of El Paso, for appellant.

Guy V. Shoup, of San Francisco, Cal., Baker, Botts, Andrews & Wharton, of Houston, and Kemp, Nagle & Smith, of El Paso, for appellees.

PELPHREY, Chief Justice.

Appellant is an elderly lady, almost entirely deaf, and sells newspapers at the entrance of the post office in the city of El Paso, Tex. The post office faces south and there is an alley running north and south just west of it. Back of the post office is a cement driveway and north of it is a switch track of the Texas & New Orleans Railroad Company. On the morning of February 10, 1935, about 10 o'clock, she left the front of the post office, went up the alley and then along the driveway until she reached Stanton street which runs north and south just east of the post office. Upon reaching the sidewalk on the west side of Stanton street she turned north and as she approached the switch track an engine coming from the west was nearing the sidewalk and appellant in attempting to avoid being struck by

it fell and was injured. The space between the post office and the switch-track is used as a parking space for automobiles and on the morning in question there were automobiles parked on it.

Appellant in filing this suit charged negligence in failing to have a signal light where it could be seen from the position where she was as she approached the sidewalk and track; negligence in failing to stop the train and thereby avoid hitting her; and negligence in not having some one go ahead of the train to warn persons approaching the crossing.

Appellees answered by general denial and contributory negligence on the part of appellant.

Upon issues submitted the jury found that appellant was not struck by the engine; that in attempting to avoid being struck by the engine she fell and was injured; that the signal light was so placed that a person approaching on the sidewalk from the direction and at the point appellant did would be unable to see it; that such placing of the signal light was negligence and the proximate cause of the injuries complained of; that it was not negligence to fail to keep a flagman at the crossing; that the train was not being operated at a dangerous rate of speed; that the signal light was not showing red at the time or just prior to the time that appellant attempted to cross the track; that appellant failed to keep a reasonably careful lookout for trains before she attempted to cross the intersection; that such failure was negligence and proximately contributed to bring about her injuries; that there was no discovered peril in the case; and that appellant failed to look to the west before entering upon the crossing.

Judgment was entered for appellees, and this appeal was perfected.

### Opinion.

Summarizing appellant's assignments and propositions, we find that they can be disposed of by the determination of three questions, viz.: Was it error to submit the issue as to appellant's failure to look to the west before going on the track; whether the submission of that issue and also the issue as to whether appellant failed to keep a reasonable lookout was such a double submission of the issue of contributory negligence as to constitute reversible error; and whether the jury was guilty of misconduct.

Her contentions as to the first question are that she having been misled by the fact that the signal light was hooded and could not be seen by her from the position where she went upon the sidewalk and the further fact that the warning light was not red misled her as to the existence of danger, and, therefore, appellees were not entitled to depend upon her failure to look west as a defense; that the submission of the issue was not supported by the evidence; and that appellees had not pleaded such failure to look to the west.

Appellant's position, as we understand it, is that in view of the fact that appellee had erected warning lights in such manner that she could not see them from her position and that because the light was not showing red at the time she approached the crossing, that she was relieved from exercising any care for her own safety.

This same position was taken in the case of Stevenson v. Houston & T. C. R. Co., 19 S.W.(2d) 207, 209, and was overruled by the Austin Court of Civil Appeals in this language: "We do not sustain appellant's second contention that he was entitled to a judgment on the findings of the jury regardless of whether he was guilty of contributory negligence. The only negligence of which the railway company was found guilty was that it negligently permitted its mechanical warning at said crossing, consisting of a bell and wigwag, both set in operation by the approach of a train, to get out of repair so that same was not working when the collision occurred. Appellant contends that the failure of such signal device to work constituted an implied invitation to him to cross, and that because of that fact any act of contributory negligence on his part was immaterial. We do not think so. This mechanical device was not required by law and constituted merely an additional warning to the statutory warnings required of railroads at road crossings. Nor can it be put in the same category with a flagman, guided by human intelligence, stationed at hazardous crossings. The public are entitled to rely generally on such signals to work properly, and to relax their watchfulness to a degree in crossing; but it cannot be said that they can rely upon this one warning alone and be relieved of the duty of keeping a reasonable lookout, or that they may ignore statutory warnings, or thus be excused for

their own contributory negligence. They are still chargeable with using that degree of care which a person of ordinary prudence would use under such circumstances. The signal installed by the railway company was not a substitute for other warnings, but in addition to such other warnings, and not exclusive of them. Even cases which hold that conduct of a watchman, or where gates are raised, constitute an implied invitation to cross, have never gone so far as to excuse an act of contributory negligence on the part of the injured person. For the most part they only announce the rule that such facts or circumstances relieve the traveler from guilt of contributory negligence as a matter of law, and make his conduct as to negligence vel non an issue to be determined by the jury. Missouri, K. & T. Ry. Co. v. Ray, 25 Tex.Civ.App. 567, 63 S.W. 912; Thompson on Negligence, vol. 2, §§ 1530, 1531, p. 207; Id. § 1614, p. 291; Berry on Automobiles (4th Ed.) § 849, p. 792; Crowley v. Ry. Co., 204 Iowa, 1385, 213 N.W. 403, 53 A.L.R. 964, and numerous annotations thereunder."

This case was affirmed in (Tex.Com. App.) 29 S.W.(2d) 995.

Appellant testified that when she turned her head to look west she was struck on the head by something and that she did not see the train until she regained consciousness. This testimony together with the fact that appellant was an interested party made the question of whether she looked to the west a matter for the jury.

Appellees alleged that appellant had failed to keep a proper lookout. A proper lookout would include looking both ways, and, therefore, the issue inquiring whether appellant looked west was properly submitted under that allegation.

Furthermore, the jury found that appellant had failed to keep a proper lookout, that such failure was negligence and proximately contributed to cause her injuries. These findings certainly support the judgment rendered.

We find no error justifying a reversal in the submission of the two issues on contributory negligence.

It appears that the jury during its deliberations sent a note to the trial judge inquiring if the charge and the court would permit it, in case it decided to recompense the appellant, to award her a monthly income for life and whether an administrator could be named to hold jurisdiction over such award.

Upon the hearing of the motion for a new trial no testimony was introduced and we do not feel that we would be justified in holding, in the absence of any showing that the fact that the foreman wrote the note in question affected the jury's finding on the question of contributory negligence, that reversible error is shown.

The judgment is affirmed.