## LEWIS v. THOMPSON.
### No. 9995.

Court of Civil Appeals of Texas.  Austin.
Nov. 14, 1951.

Rehearing Denied Dec. 5, 1951.

Adams, Browne & Sample, by Ernest L. Sample, Beaumont, for appellant.

Charles S. Pipkin, Alto V. Watson, Beaumont, for appellee.

ARCHER, Chief Justice.

This suit was instituted by appellee against appellant to recover damages for personal injuries and property damages alleged to have been sustained in a crossing

collision which occurred in the city limits of Beaumont. A jury was empaneled and at the conclusion of the plaintiff's evidence, the Court instructed a verdict peremptorily in favor of the appellee.

The appeal is before this Court on five points of error: numbers One and Two are to the effect that the Court erred in instructing a verdict, because there was evidence, sufficient to make a jury issue of negligence, on the part of employees of defendant in failing to ring a bell, and/or in failing to sound a whistle; and number Three to the effect that it was not shown as a matter of law that plaintiff was guilty of contributory negligence; and the fourth point was that there was evidence, sufficient to make a jury issue that negligent acts and omissions of defendant's employees was a proximate cause of damages to plaintiff; and the fifth point that because it was not shown as a matter of law that the collision was proximately caused by any negligence of the plaintiff.

The collision occurred on defendant's track on May 13, 1949, at about 8:25 or 9 o'clock p. m.

The plaintiff alleged that the defendant, its agents, etc., were negligent in failing to keep a proper lookout, in failing to stop, in failing to ring the bell, and in failing to sound a whistle after discovery of plaintiff's perilous position, in failing to keep proper control of the locomotive, and in failing to stop after discovery of plaintiff's perilous position.

The defendant pleaded generally, in addition to a general denial, that plaintiff was guilty of acts and omissions amounting to negligence which were the sole cause of the plaintiff's claimed injuries and damages, or in the alternative, were a proximate cause thereof.

The collision occurred where two tracks of appellee cross Crockett Street. Crockett Street runs east and west and the tracks run southeast to north.

The appellant testified that he was driving in an easterly direction on Crockett Street on the right-hand side of the street at a rate of speed of ten to twelve miles an hour; that his eyesight and hearing were good; that he could see by his own light for about a block; that his windows were down, and at his rate of speed could stop his car in a car's length. He further testified that he had traveled on Crockett Street approaching the crossing at the same rate of speed and did not stop until the collision; that he did not look down Bowie Street switch to see if an engine was coming, and that he did not look to see if an engine was coming from his right, and that he did not see the engine until the collision, and that there was nothing to obstruct his view of anything as big as an engine.

Plaintiff testified that he did not see the signal light until he was right on it; that the lights were not working, but just as he was even with the lights they started working, and that he did not see the lights right then on account of a tree between him and the light, which was on the right side of the street; that the front end of his car was hit on the right side by the front end of the locomotive and moved his car a little way; that both he and the train stopped at the same time. He further testified as to his injuries and the damage to the car.

Plaintiff further testified that the whistle was not blown and that the bell was not ringing. On cross-examination, plaintiff testified concerning some pictures of the scene, location of the curb, and the tree; that his windshield was clear; that he did not see the light burning on the engine until after the collision; that just before he got to the railroad track he passed a man on a bicycle on his left.

We believe that the evidence was sufficient to go to the jury upon issues of negligence and proximate cause and that the trial court was not justified in instructing a verdict in favor of the appellee in this case.

We are further of the opinion that there was sufficient evidence to go to the jury, that the appellee, on the occasion in question, was guilty of negligence which was a proximate cause of the collision.

There is no evidence as to the lookout of the train operators, or that the employees ever discovered plaintiff's perilous position. There is no testimony as to the speed

or other operation of the engine, other than that it stopped immediately at the point of collision.

From our review of the evidence, we have indulged all intendments in favor of appellant.

We believe from the testimony that whether appellant was negligent in operating his car on the street under the circumstances disclosed, and at a reasonable rate of speed, keeping such lookout that he did, was a fact issue to be determined by the jury.

Appellants alleged that appellee was guilty of various acts, wrongs and omissions, each and all amounting to negligence, and which, acting together or separately, were the sole cause of said accident, and the injuries and damages claimed; or in the alternative, were a proximate cause of such.

This general pleading, to which no exception was directed, would include failure to keep a proper lookout. A proper lookout would include looking both ways, and, therefore, the question of such failure to keep a proper lookout was one for the jury to decide. McLaughlin v. Southern Pac. Co. et al., Tex.Civ.App., 99 S.W.2d 380 (Writ Dism.).

On the question of the guilt of the appellant, as a matter of law of negligence, which was a proximate cause of the collision and of the injuries and damages claimed on account of the provisions of Article 6701d, Section 86, V.A.C.S. Article 6701d provides that a driver of a vehicle approaching a railroad grade crossing shall stop not less than 15 feet from the nearest rail of such railroad—when: (a) mechanical signal gives warning; (b) when a gate is lowered, or a flagman gives a signal; (c) when an engine within 1500 feet of the crossing gives a signal; (d) when an approaching train is plainly visible.

The testimony is that the signal device was neither clearly visible nor did it give warning of the immediate approach of the train; that there was no crossing gate or flagman present, and there was no signal sounded or any evidence that the approaching train was plainly visible.

Here again we believe the question was one raising a fact issue for the jury to determine in order that the plaintiff might, or might not, be guilty of contributory negligence, in the manner in which he approached the crossing.

Beaumont, Sour Lake & Western Ry. Co. v. Richmond, Tex.Civ.App., 78 S.W.2d 232, error dism., and case cited therein.

The appellee has cited Lackey v. Gulf, C. & S. F. Railway Company, Tex.Civ. App., 225 S.W.2d 630 (Austin C.C.A.), but this case is distinguishable from the present case because the collision in the Lackey case occurred in midafternoon and there were no obstructions to appellant's view except a box car or two on the first track and about 300 feet to the west, and when asked why he did not sooner see the engine, appellant replied "Well, I didn't see it, that is all."

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.